**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Wesley PIERSON, Defendant-**
**Appellant.**

**No. 28250**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1970.

James Wesley Pierson, pro se.

Ira De Ment, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant was convicted of possessing whiskey in containers not affixed with the required Internal Revenue stamps, a violation of Title 26 U.S.C. § 5604(a) (1). No direct appeal was taken. Almost six months after the date of sentencing, appellant filed a motion for a new trial, alleging (1) illegal arrest, (2) illegal search and seizure, (3) his wife's personal automobile was searched and confiscated, (4) he was beaten by arresting officers, and (5) he was denied counsel at his arraignment which prevented him from presenting pre-trial defenses. The district court, ruling that the motion was untimely filed after the seven day limit provided by Rule 33, F.R.Crim.P., alternatively treated the petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

The motion was denied without an evidentiary hearing, the court below finding from the record that there was ample probable cause for appellant's arrest, that any search and seizure was made incident to the legal arrest, and that one of the arresting officers did assault appellant, but only in self-defense after appellant initiated the assault. The district court further found that when appellant's privately-retained counsel failed to appear at the arraignment, the appellant stated that it was agreeable to him to proceed without his counsel. The court offered substitute counsel, but appellant refused the offer and pleaded not guilty. In addition, after arraignment and before trial, counsel filed several defense motions; thus, his failure to appear at the arraignment did not prejudice appellant's rights.

A review of the record, which includes the transcripts of the arraignment and trial, reveals no clear error in the findings of the district court. The judgment below is affirmed.

Affirmed.