UNITED STATES, Appellant and Cross-Appellee

v

JAMES E. SINGLETON, Lance Corporal, U. S. Marine Corps, Appellee and Cross-Appellant

21 USCMA 432, 45 CMR 206

*Lieutenant E. Perry Johnson*, JAGC, USNR, argued the cause for Appellant, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

*Lieutenant Kenneth N. Beth*, JAGC, USNR, argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Arthur H. Rainey*, JAGC, USNR.

## Opinion of the Court

DUNCAN, Judge:

This case is before us on a question certified by the Judge Advocate General of the Navy and on an assigned issue which poses a question of jurisdiction.

Charges and specifications alleging larceny and wrongful possession of marihuana, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, were tried by a special court-martial convened by Serial 3–70, dated July 9, 1970. A copy of this convening order, which is set forth in Appendix A of this opinion, contains the names of the designated members and the following statement:

"Military Judge, Trial and Defense Counsel will be appointed as cases are referred to this court for trial."

When this case was referred to trial on October 9, 1970, no special instructions were included on the charge sheet.

The court convened on December 8, 1970, at which time trial counsel announced that his "legal qualifications . . . are correctly stated in the convening order." Defense counsel and the military judge stated that their qualifications were correctly stated in "the oral modification to the convening order." Three days later, Special Court-Martial Order 3–70 was modified to include the military judge, trial and defense counsel, for the "case of Lance Corporal James E. SINGLETON, USMC." (See Appendix B.) No mention is made therein of a prior oral modification. Other than the above, we are unable to find in this record of trial any other reference to the composition of this court.

Appellate defense counsel contend that the original court-martial order was defective and did not confer jurisdiction because no counsel had been detailed in the order;[1] that the subsequent oral modification was ineffective in conferring jurisdiction to these otherwise defective proceedings.

In McClaughry v Deming, 186 US 49, 62, 46 L Ed 1049, 1055, 22 S Ct 786 (1902), the Supreme Court held:

". . . A court-martial is the creature of statute, and, as a body or tribunal, *it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction.*" [Emphasis supplied.]

---

[1] With regard to a special court-martial empowered to adjudge a bad-conduct discharge, the same argument is advanced with reference to the failure to appoint a military judge.

And in Runkle v United States, 122 US 543, 555, 556, 30 L Ed 1167, 1170, 7 S Ct 1141 (1887), the following appears:

"A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of its creation has been accomplished it is dissolved. . . . *To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law.*" [Emphasis supplied.]

See also Dynes v Hoover, 20 Howard 65 (US 1858); United States v Brown, 206 US 240, 51 L Ed 1046, 27 S Ct 620 (1907); United States v LaGrange, 1 USCMA 342, 3 CMR 76 (1952); United States v Roberts, 7 USCMA 322, 22 CMR 112 (1956); United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963). Cf. United States v Durham, 15 USCMA 479, 35 CMR 451 (1965).

A special court-martial may consist of "not less than three members"; or "a military judge and not less than three members"; or "only a military judge, if one has been detailed to the court." Article 16, Code, supra, 10 USC § 816. The Code, Article 27(a), 10 USC § 827, further provides that:

"For each general and *special* court-martial the authority convening the court *shall detail trial counsel and defense counsel,* and such assistants as he considers appropriate." [Emphasis supplied.]

See also paragraphs 6*c*, 36*b*, and Appendix 4, Manual for Courts-Martial, United States, 1969 (Revised edition).

These codal provisions must be read together for no special or general court-martial is jurisdictionally ▬▬▬▬ ▮ empowered to sit in judgment until the provisions of both Articles have been complied with. Each is a necessary corollary to the other.

In the case at bar, none of the originally designated "MEMBERS" of the court were present as the ▬▬▬▬ ▮ trial was conducted by military judge alone. As a consequence, all of the officials of the court acted in their appropriate capacities on the basis of alleged *oral orders alone.* For all that appears of record, the statements of the military judge and counsel that they had been so appointed may have been simply in anticipation that the convening authority would make such an appointment. Cf. United States v Coleman, 19 USCMA 524, 42 CMR 126 (1970). Indeed, three days later, on December 11, such a designation was in fact made but, unfortunately, it makes no mention of a prior oral appointment. In addition, the order does not state why it was *necessary* to proceed to trial on December 8, on the basis of oral orders when the case had been referred to trial on October 9, some two months previously.

We in no way intend to disparage the statements of the military judge and trial and defense counsel as to their appointments. We are constrained, however, to hold that this record is silent with regard to the contents of the oral appointment, when it was made or by whom. In sum, it is impossible to determine that the convening authority, or one acting as such in his absence, made the appropriate appointments as he is required to do so by both the Code and the Manual.

We hold, therefore, that the court-martial in this case not having been convened "in entire conformity with the provisions of the statute" (McClaughry v Deming, supra, 186 US, at page 62), it was without jurisdiction to proceed.

Our holding on this issue renders the certified question moot. United States v Bedgood, 12 USCMA 16, 30 CMR 16 (1960). Cf. United States v Aletky, 16 USCMA 536, 37 CMR 156 (1967).

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new hearing may be ordered.

Chief Judge DARDEN and Judge QUINN concur.

## APPENDIX A

HEADQUARTERS, Marine Aircraft Group 26, 2d Marine Aircraft Wing, FMF, Atlantic, Marine Corps Air Station, (Helicopter), New River, Jacksonville, North Carolina

17/RAM/drh
5813
Ser: 3–70
9 July 1970

A Special Court-Martial is hereby ordered to convene at Marine Corps Air Station, (Helicopter), New River, Jacksonville, North Carolina at 0800, 9 July 1970 or as soon thereafter as practicable for the trial of such persons as may properly be brought before it. The court will be consituted [sic] as follows:

### MEMBERS

Major G. M. SHIFFLER, U. S. Marine Corps, (PRESIDENT) (H&MS–26)
Major J. R. ZELLICH, U. S. Marine Corps, (VMO–1)
Captain D. L. GUFFEY, U. S. Marine Corps, (HMH–461)
First Lieutenant G. E. STACKHOUSE, U. S. Marine Corps Reserve, (H&MS–26)
Chief Warrant Officer, 4, F. S. WILLIAMS, U. S. Marine Corps, (MABS–26)

Military Judge, Trial and Defense Counsel will be appointed as cases are referred to this court for trial.

/s/ G. R. HUNTER
G. R. HUNTER
Colonel, U. S. Marine Corps
Commanding

CERTIFIED A TRUE COPY:

/s/ J. J. DeMichael
(Trial counsel) Capt USMCR

## APPENDIX B

HEADQUARTERS, Marine Aircraft Group 26, 2d Marine Aircraft Wing, FMF, Atlantic, Marine Corps Air Station, (Helicopter), New River, Jacksonville, North Carolina 28540

17/JDH/jdh
5813
Ser: 3cc–70
11 December 1970

Special Court-Martial Order 3–70 dated 9 July 1970, case of Lance Corporal James E. SINGLETON, USMC, is hereby modified to include the following:

MILITARY JUDGE—Captain D. C. Clark, U. S. Marine Corps Reserve, certified, designated, and assigned in accordance with Article 26(b), UCMJ, and previously sworn in Accordance with Article 42(a), UCMJ.

TRIAL COUNSEL—Captain J. J. DeMICHAEL, U. S. Marine Corps Reserve, certified in accordance with Article 26(b), UCMJ, and previously sworn in accordance with Article 42 (a), UCMJ.

DEFENSE COUNSEL—Captain D. E. ANDERSON, U. S. Marine Corps Reserve, certified in accordance with Article 27(b), UCMJ, and previously sworn in accordance with Article 42 (a), UCMJ.

R. G. BUSTOS
Lt Col, U. S. Marine Corps.
Acting

Certified a true copy:

/s/ J. J. DeMichael
Capt USMCR