UNITED STATES, Appellee

v

DELBERT B. CAREY, Airman Apprentice, U. S. Navy

No. 28,701

February 7, 1975

*Lieutenant Commander Frank B. Swayze,* JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant William Polkinghorn, Jr.,* JAGC, USNR.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

## OPINION OF THE COURT

Cook, Judge:

Once again, this Court is faced with a jurisdictional problem which appears to result solely from carelessness on the part of those responsible for the preparation of convening orders and amendments thereto.[1] Although the findings and sentence are supported and sustained by appellant's provident plea of guilty, the validity of the same has been placed in jeopardy because of questions concerning the constitution of the court-martial.

Initially, the original record of trial indicates that the officer who acted as counsel for the Government was not named in the order convening the court-martial. Instead, his appointment to duty as trial counsel for the court-martial of this appellant is shown only by an amendment to the convening order which is dated September 12, 1973, some 2 weeks after trial was completed. In addition, the amending order makes no mention of a prior oral appointment or even an intent to confirm such oral order—a defect that was held significant in

---

[1] *See* United States v Febus-Santini, 23 USCMA 226, 49 CMR 145 (1974); United States v Johnson, 23 USCMA 104, 48 CMR 665 (1974); and United States v Coleman, 19 USCMA 524, 42 CMR 126 (1970).

*United States v Singleton,* 21 USCMA 432, 45 CMR 206 (1972). A certificate of correction filed some 7 months after trial does not relieve the situation, even if accepted fully, because it simply shows that an oral modification was made to the convening order but asserts that the modification was made by authority of trial counsel—a claim that is patently erroneous or of no legal effect.[2] These apparent defects in jurisdiction, however, are alleviated by an affidavit from the convening authority. In it, he declares that the amending order of September 12, 1973, regarding trial counsel "reflects an oral modification that I made prior to the court which was held on 28 Aug 1973." Accordingly, because the omissions found fatal in *Singleton* have been eliminated, and because it is affirmatively shown that trial counsel's appointment to perform his duties was legal and timely, the court-martial which tried appellant was properly constituted.

Truly, and as dramatically stated in the opinion of the Court of Military Review, appellate Government counsel "rushed to save this sinking record." Yet this characterization depicts a deplorable situation that in other circumstances may not be tolerated.[3] This Court has long recognized that gaps in the record of proceedings may be bridged not only by certificates of correction, but also by a post-trial affidavit, the means that was employed in this case. Furthermore, in those instances, and while reaffirming our prior holdings, we have restated our earlier exhortation that "[p]rompt action . . . is most desirable and virtually essential as conducive to ascertaining the true circumstances of an incident."[4] In addition, we have previously warned that "we have no intention of permitting the accused or his counsel to delay indefinitely in presenting a challenge to completeness of the record."[5] Although this cautionary note was directed toward only one of the parties in the litigation, there neither was nor is any reason to believe that we were one-sided in our view. Accordingly, the recommendation for prompt action, as well as our notification that indefinite delay will not be allowed, applies equally to trial counsel, as the representative of the Government. Such similar treatment is demanded not only by fundamental fairness,[6] but is appropriate under the circumstances since trial counsel is distinctly charged with the responsibility and duty of determining that the orders convening the court are accurate and correct.[7]

In this case, on the other hand, trial counsel failed to perform this task until kindled by complaints made before the Court of Military Review. Only then, and with means that were barely minimal, were the complaints proven to be without merit. Nevertheless, and even if

---

[2] Trial counsel's statement reflected by the certificate of correction is, in pertinent part:

TC: . . .

Your Honor, there is one correction to the convening order, Serial 111, to indicate that the detailed trial counsel, Lieutenant Alexander . . . I have authority to make an oral modification to this convening order changing Lieutenant Alexander to myself, Lieutenant Rowland.

[3] As has been rightly observed by Judge Milano in a comparable situation:

. . . In the majority of instances wherein a modification to a convening order is required, the fact is known prior to trial, and the written modification should be executed prior thereto. It is apparent to us that too many judge advocates are either indifferent or negligent in this respect and resort to the practice utilized at bar and all too frequently with the same slipshod, sloppy results. This kind of practice is a reflection upon the entire military legal community and it should be discontinued. In our opinion, the simplest part of any court-martial is a properly-executed convening order. Consequently, there is no excuse for errors in connection therewith. [United States v Worline, No. 74 1276 (NCMR 27 August 1974).]

[4] United States v Strahan, 14 USCMA 41, 45, 33 CMR 253, 257 (1963).

[5] United States v Walters, 4 USCMA 617, 626, 16 CMR 191, 200 (1954).

[6] *See* Wardius v Oregon, 412 US 470 (1973).

[7] Manual for Courts-Martial, United States, 1969 (Rev), paragraph 44*f.*

minimal standards were achieved to demonstrate that the court-martial was properly constituted, the present proceedings are unworthy of recommendation or emulation. Moreover, in future cases we may not be inclined to permit the findings and sentence to stand. Only the certainty of guilt in this case because of accused's plea, plus the fact that nothing in the way of objection or contradiction refutes the showing of validity in trial counsel's appointment, stays us from imposing more stringent sanctions. The absence of either factor, or a comparable one, may call for a different result.

The decision of the Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.