**UNITED STATES**

v.

**Private (E-2) Jay B. BROADUS, 578–74–9747, U. S. Army, Company B, 13th Signal Battalion, 1st Cavalry Division, Fort Hood, Texas.**

**SPCM 10352.**

U. S. Army Court of Military Review.

26 Nov. 1975.

Appearances: Appellate counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT Leslie Wm. Adams, JAGC; COL Victor A. De Fiori, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Richard S. Kleager, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

BAILEY, Senior Judge:

Contrary to his pleas, the appellant was convicted by a military judge, sitting as a special court-martial, of assault consummated by a battery and communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $200.00 per month for three months. The convening authority approved the findings and the sentence.

In their supplemental assignment of error appellate defense counsel assert:

THE COURT BELOW HAD NO JURISDICTION OVER APPELLANT SINCE CONVENING ORDER NUMBER 112 APPOINTING THE MILITARY JUDGE WAS PREPARED AFTER TRIAL YET FAILS TO REFERENCE ANY ORAL ORDER APPOINTING THE JUDGE PRIOR TO TRIAL. . . .

A proper perspective of the question presented may be aided by setting forth in some detail the facts and circumstances from which it stems. Examination of the record and allied papers discloses that this case was referred for trial to the special court-martial appointed by Court-Martial Convening Order Number 31, Headquarters, 1st Cavalry Division, Fort Hood, Texas, dated 11 February 1974, which reflects the appointment of Colonel Harold V. Martin as the military judge. In addition to authorizing a court reporter, the referral instructions directed that the appellant be jointly tried with five other servicemen. At the initial Article 39(a) session, which was held on 15 March 1974, the appellant's request for trial by judge alone was approved. However, immediately after arraignment and entry of the appellant's pleas, the prosecution's request for a continuance was granted by the military judge. At the next Article 39(a) session, which was held on 26 March 1974, Colonel Martin announced that he was excusing himself as the presiding judge in the case because he had, since the preceding session, sat as the

military judge in the trial of the five co-accused. He further stated that he had referred the appellant's case to Major Oliver Kelley, the other Special Court Judge at Fort Hood. He directed the trial counsel to contact Major Kelley and arrange for the appellant's trial with the least practicable delay.

At the next Article 39(a) session, which was held on 27 March 1974, the trial counsel announced that all parties present when the court recessed were again present except Colonel Martin. At this point, after introducing himself, Major Kelley announced that he was acting in the place of Colonel Martin and that he had examined the transcript of the two previous Article 39(a) sessions. He then, after a limited inquiry, approved the appellant's new request for trial by judge alone. Thereafter, as depicted in the record of trial, after two defense motions had been considered, the trial counsel stated for the record that Major Kelley had been detailed military judge for the case by Major General Shoemaker, the Convening Authority. Major Kelley then commented: "We do not have a written order at this time. I understand that has been done orally." The trial proceeded and was completed on 27 March 1974.

Appended to the record in the usual manner and place for amending orders is Court-Martial Convening Order Number 112, Headquarters, 1st Cavalry Division, dated 11 June 1974, which reads in part as follows:

"MAJ OLIVER KELLEY, . . . certified, designated, and assigned in accordance with Article 26(b) and (c) and previously sworn in accordance with Article 42(a), is detailed military judge of the special court-martial convened by Court-Martial Convening Order Number 31, this headquarters, dated 11 February 1974, vice COL HAROLD V. MARTIN, . . . relieved for the trial of Private E2 Jay B. Broadus, . . . only.

BY COMMAND OF MAJOR GENERAL SHOEMAKER:"

It will be noted that the foregoing order makes no reference to a prior oral detailing of Major Kelley as the military judge for this case. As regards changes in the composition of a court-martial, paragraph 37c, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in part as follows:

" . . . Changes in the composition of a court-martial, such as changes which involve the detail of new personnel to a court or the relief of a member, are usually accomplished by the promulgation of formal written orders amending the original convening order. If it is necessary to make a change by oral order, message, or signal, the oral order, message, or signal should be *confirmed* by written orders . . . " (Emphasis supplied)

Quite applicable in this setting is the decision of the Court of Military Appeals in the case of *United States v. Singleton,* 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972). There the convening order contained the names of the designated members and a statement to the effect that the military judge, trial and defense counsel would be appointed as cases were referred for trial. There, as here, in the course of the trial reference was made to an oral modification of the convening order. However, there, as here, the amending order did not reflect confirmation of the purported oral modification. There, against a backdrop of expressions of the Supreme Court in the cases of *McClaughry v. Deming*[1] and *Runkle v. United States,*[2] the Court, in striking down the conviction, held that no special or general court-martial is jurisdictionally empowered to sit in judgment unless the requisite members, military judge, and counsel have been properly detailed. *Cf., United States v. Dean,* 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970); *United States v. Robinson,* 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963).

Under the provisions of Article 16, Uniform Code of Military Justice, a special court may consist of "not less than three members"; or "a military judge and not less than three members"; or "only a military judge, if one has been detailed to the court". The Code, Article 26(a) further provides:

"The authority convening a general court-martial shall, and, subject to regulations of the Secretary concerned, the authority convening a special court-martial may, detail a military judge thereto. A military judge shall preside over each open session of the court-martial to which he has been detailed."

In the instant case, as earlier noted, the appellant elected to be tried by military judge alone. And, as the record shows, Major Kelley presided in that capacity on the basis of an alleged oral order alone. Although the trial counsel and the military judge made reference to an oral appointment by the convening authority, the amending order (Court-Martial Convening Order Number 112), which was promulgated more than two months later, makes no mention of a prior oral appointment. Thus, the critical question presented is whether Major Kelley had been properly detailed in compliance with Article 26(a).

After receipt of the record of trial at this level, appellate counsel for the government obtained and have submitted for our consideration a purported "CORRECTED COPY" of the above-mentioned Court-Martial Con-

1. 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 " . . . A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of statute, or else it is without jurisdiction."

2. 122 U.S. 543, 555, 556, 7 S.Ct. 1141, 1146, 30 L.Ed. 1167 "A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of its creation has been accomplished it is dissolved . . . To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law."

vening Order Number 112. The correction consists of adding, and appropriately inserting, the following words and figures: "Pursuant to and confirming the oral instructions of the Commanding General on 27 March 1974." This order, standing alone, might well serve to show that Major Kelley's appointment was made in accordance with the requirements of the Code, *supra.* However, considerable doubt as to its validity emerges from a consideration of several affidavits submitted for our consideration by appellate defense counsel.

Lieutenant Colonel Carroll J. Tichenor, the current staff judge advocate of the command involved, indicates in his affidavit that he caused the "CORRECTED COPY" of the amending order to be published. He, in part, avers that, on the basis of an examination of the record and allied papers, and affidavits submitted by Captain Richard M. Rogers (Chief, Military Justice at the time of the appellant's trial) and Captain Richard V. Anderson (trial counsel at the trial below), "I concluded that the failure to prepare a written confirmation of the oral confirmation of the Convening Authority was an administrative oversight and that MAJ Kelley was properly detailed by the Convening Authority as the Military Judge in the case of *U. S. v. Broadus.*"

Examination of the affidavit submitted by Captain Anderson discloses that he had no personal contact with either the convening authority or the staff judge advocate regarding Major Kelley's appointment. In part, he avers:

"Realizing that the trial would proceed in less than twenty-four hours and that we had not cut a vicing order detailing Major Kelley, I again spoke with Captain Rogers. He indicated that he would speak with the Staff Judge Advocate and get an oral confirmation that Major Kelley had been detailed by the Commanding General. Sometime either the afternoon of the 26th or the morning of the 27th, Captain Rogers told me that the oral confirmation with respect to the vicing order had been received and that I was to make sure that this information was included in the record of trial.

When the court reconvened at 1300 hours on the 27th of March, I had not secured a written order detailing the military judge, but I had received notice that such an order had been made by the Convening Authority. Other than my conversations with the Chief of Justice, I have no knowledge that General Shoemaker actually executed such a directive."

The following portion of the affidavit submitted by Captain Rogers shows that he, too, had no personal contact with the convening authority regarding Major Kelley's appointment:

" . . . On March 26, 1974, Broadus' case came up for trial with Colonel Martin still detailed as the military judge. During the 39a session, Colonel Martin recused himself and indicated that Major Kelley would have to sit in his stead. The trial counsel, Captain Richard V. Anderson, informed me of this situation and I told him that Major Kelley would be placed on the Court Martial Convening Order as judge for Broadus' case. I then informed the Staff Judge Advocate, Major Walter E. Herkenhoff, of the situation and indicated that action by the CG was necessary.

The next afternoon, March 27, 1974, I informed Captain Anderson that General Shoemaker had detailed Major Kelley by vocal order. I received that information from Major Herkenhoff. I do not remember whether the vocal order was given on the afternoon of March 26, 1974, or the morning of March 27, 1974."

We next consider the affidavit submitted by Major Walter E. Herkenhoff, who was the staff judge advocate at the time of the appellant's trial. In his affidavit Major Herkenhoff avers:

" . . . Respecting the appointment of Judge Oliver Kelley in the Bad Conduct Special Court-Martial of *U. S. v. Broadus* (SPCM 10352) after Judge Ha-

rold Martin recused himself, I do not recall specifically the actions of the convening authority. I was seeing the convening authority on an almost daily basis during the time this case was referred to trial. This case, its 6 companions and many others were discussed at their various stages of trial. This case was unusual because it was a part of a group of 7 cases involving assault and robbery of one person. The fact Judge Martin had recused himself was unusual because he had not recused himself previously within our jurisdiction and I had to explain why Judge Martin recused himself and the consequences of the recusal to the convening authority. But whether the convening authority specifically selected and appointed Judge Kelley to sit on this case, I do not remember as it has been over a year and a half since the trial."

From the foregoing, it becomes apparent that the proper, indeed the indispensable sources for information regarding the alleged prior oral appointment of Major Kelley were the Convening Authority, General Shoemaker, and Major Herkenhoff, the latter having been the staff judge advocate at the material time. It is also apparent that the "CORRECTED COPY" of the amending order was prepared and published on the basis of information furnished by individuals who did not have the required personal knowledge of the alleged prior oral appointment of Major Kelley. Therefore, it cannot be extended the accommodation of effectuating the purpose for which it was intended. Put in other terms it must be and is, hereby, rejected. In the absence of such an order we cannot determine from the record that the convening authority made the appropriate appointment as he is required to do so by both the Code and the Manual. We hold, therefore, that the court-martial was without jurisdiction to proceed.

For the foregoing reason, the Court finds the proceedings, findings, and sentence invalid and the same are hereby declared void. Another trial may be ordered by proper authority.

Judge CLAUSE and Judge COOK concur.