**UNITED STATES**

v.

**William R. SCHMIDT, 387 64 2184, Seaman (E–3), U. S. Navy.**

**NCM 77 1715.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 March 1977.

Decided 13 March 1978.

**894**

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

1st LT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and MALLERY, JJ.

BAUM, Judge:

■ Appellant has assigned three errors before this Court. The first, that the military judge's exhortation to appellant to co-operate with detailed counsel was in derogation of his right to individual military counsel, is summarily rejected. The second assignment also related to action taken by the judge.

At the second scheduled Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session, all parties to the trial who were present at the first session were again present with the exception of the detailed defense counsel, who was on emergency leave. The judge proceeded to inform appellant of the reason for counsel's absence and the likelihood that counsel would need further delay in preparing appellant's case. The judge went on to advise appellant that because of this unexpected development another counsel could be requested, if appellant so desired. Upon appellant's indicating that he wished to continue with his detailed counsel, the judge explained the ramifications of additional delay being charged to the defense rather than the Government and again offered to get appellant another counsel so that the trial could go forward. In response, appellant asked the judge if he would consider all the time spent in pretrial confinement "when you come to sentencing." The judge then explained how such matters are taken into consideration at sentencing but that "this is just presuming that you would be found guilty. We've got to get to that point first."

■ Based on these facts, appellant asserts that the judge erred to his substantial prejudice by holding the Article 39(a) session without defense counsel present. Four separate reasons are submitted as a basis for finding error in the judge's actions. First, it is contended that the *Manual for Courts-Martial, United States, 1969* (Revised edition), proscribes sessions conducted without the presence of a defense counsel, based on paragraphs 6c., 53d.(1), and 61. We agree that it can be reasonably inferred from these provisions that a court-martial should not proceed without a defense coun-sel unless the accused has specifically requested and been permitted to represent himself. Appellate Government counsel has conceded that the military judge committed technical error by proceeding without the defense counsel but that the failure to object at some point in the trial constituted ratification of the judge's action and thus waived any error. Furthermore, Government counsel argues that this technical violation was harmless error. Since the judge failed to fully inform the defense counsel of what transpired in his absence, we cannot accept the Government's waiver argument. However, we agree that certainly no prejudice flowed from any violation of the *Manual* that might have occurred here.

■ Appellate counsel offers as a second argument that the Article 39(a) session conducted without defense counsel divested the court-martial of jurisdiction. In support of this proposition, appellant quotes from the language of *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), that a court-martial "must be convened and constituted in entire conformity with the provisions of the statute or else it is without jurisdiction" and concludes that there was no jurisdiction in this case because, although the court had been properly convened, it was not properly constituted when it met without defense counsel. Appellant cites *United States v. Singleton*, 21 U.S.C. M.A. 432, 45 C.M.R. 206 (1972), for this position. That case related to a defective convening order and does not stand for the proposition advanced by appellant. We find that conducting a brief Article 39(a) session without defense counsel present for the purpose of informing appellant of his counsel rights did not affect the court's jurisdiction.

■ Appellant's two remaining arguments raise Constitutional questions: violation of the right to counsel and denial of due process. We reject the first because it was this very right that the judge was trying to protect when he called the session. He made every effort to explain appellant's entitlement to another counsel in the ab-

sence of the first. To require appointment of a counsel to be present when the judge explains the right to counsel seems to us to carry the argument to an absurd result. If such an argument is accepted, a logical extension would be that appointment and presence of counsel is also necessary when counsel rights at custodial interrogations are explained. We reject such views and their underlying premise.

■ Appellant appears to base his due process argument on the judge's permitting the entry of not guilty pleas in a bench trial without explaining to the defense counsel that the appellant had articulated a consciousness of guilt in defense counsel's absence. Thus, it is argued, the defense counsel was denied the right to reevaluate his decision to proceed before the judge alone and possibly withdraw that request based on the information that had come out before the judge. We reject this argument for two reasons. We do not believe appellant's query about credit for confinement equates with an articulation of guilt and, although the judge did not explain what happened in counsel's absence, there is no assertion by appellant that his defense counsel was, in fact, unaware of the complained of Article 39(a) session when the trial continued. Absent a showing that trial defense counsel proceeded without this information, we cannot accept appellant's due process argument.

■ Although we find no jurisdictional defect, no Constitutional violations, and no error that materially prejudiced appellant's substantial rights in this case, we must caution judges to exercise great care whenever they deem a proceeding without counsel is necessary. Efforts on a judge's part to personally ensure that an accused's rights are understood and protected are commendable but carrying on a dialogue with an accused in the absence of his counsel is to be avoided. Military judges are so accustomed to questioning an accused during trial, as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); and *United*

*States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), that they might easily fall into the trap of believing that such inquiries between judge and accused are always permissible. They are not; particularly if counsel is not present. The instant Article 39(a) session, fortunately, did not exceed the bounds intended. It began and ended as a session limited to explaining appellant's rights, but, in between, when appellant started asking questions, it got very close to turning into something which could have prejudiced the accused. Military judges should be aware that conducting a session without a defense counsel, for whatever good motives, is fraught with the danger of jeopardizing further trial before that judge. Certainly, if such is done, the judge should fully inform the defense counsel on the record, upon his return, of the events that have transpired and all matters covered. Although the judge in the instant case did not do that, we are not disposed to find prejudice or lack of due process without an assertion from trial defense counsel that he was, in fact, misled.

■ Appellant's last assigned error relates to the judge's failure to suppress evidence used in support of findings of guilty to a marijuana possession charge. The facts surrounding this issue are that on the morning of the offense the Executive Officer of the Station, looked out his office window and observed the appellant placing a brown paper bag in a hedge. The appellant upon noticing a Captain looking at him from a window, immediately retrieved the bag and quickly walked away. At that point, the officer became suspicious and took steps that ultimately resulted in appellant's being stopped by a station policeman who obtained appellant's identification. When stopped, the appellant did not have the paper bag previously observed. After a search, it was found in a shrub nearby. Inside the bag was marijuana. Appellant argues that both the identification of appellant and the marijuana that was recovered were the product of an illegal apprehension. We disagree. Appellant had abandoned the paper bag containing the marijuana some

time before he was stopped and asked for identification. Accordingly, the marijuana found near the scene, although properly tied to appellant through the testimony of the Station Executive Officer, cannot be characterized as a product of appellant's detainment. Even were it so characterized, however, we find its seizure in accord with the law. In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court recognized that a police officer may make a reasonable investigatory stop of a person even though there is no probable cause to make an arrest. This principle was reaffirmed in *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), where it was said: "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." The actions observed by the Executive Officer form a reasonable basis for stopping appellant that fully meet the requirements of *Terry v. Ohio, supra*. Appellant was not illegally apprehended. We find both the recovery of the marijuana and the identification of appellant to have been proper.

The findings of guilty and the sentence as approved below are affirmed.

Senior Judge DUNBAR and Judge MALLERY concur.