**UNITED STATES, Appellee**

v.

**Private (E–2) Alan C. SHEARER, SSN 210–40–3673, United States Army, Appellant.**

**SPCM 13401.**

U. S. Army Court of Military Review.

5 Dec. 1978.

---

Captain Terrence L. Lewis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC.

Major Robert B. Williams, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

The appellant was charged with wrongful appropriation of an M–16 rifle in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. Consistent with his pleas he was found guilty by the military judge sitting alone, and was sentenced to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $100.00 per month for four months and reduction to the grade of Private (E–1).

I

Appellant's first assignment of error is that the court that tried and convicted him was without jurisdiction, because the convening authority failed personally to refer the case, or to designate the military judge, counsel and members.[1] He also asserts that because the selection of the military judge, counsel and members is a jurisdictional matter, the Government must affirmatively show on the record or in the allied papers that the requirements of the Uniform Code of Military Justice pertaining thereto have been satisfied.[2]

1. Citing *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978); *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978); and *United States v. Allen*, 5 U.S.C.M.A. 626, 18 C.M.R. 250 (1955).

2. Appellant cited *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887) and *United States v. Alef*, 3 M.J. 414 (C.M.A.1977).

We must decide whether *Newcomb* and *Ryan* are applicable here and, if not, whether there is still a legal requirement for an affirmative showing on the record that the convening authority personally designated the military judge, counsel and members.

■■■■ Since appellant was sentenced on 21 February 1978 we conclude that *Newcomb* is not applicable to the proceedings.[3] Because of the similarity of the *Newcomb* and *Ryan* decisions and the rationale expressed in *Mixson,* we also conclude that the holding in *Ryan* is prospective in application (from 15 May 1978) and not applicable to the case *sub judice.* Assuming arguendo that *Ryan* is applicable here, we are not convinced that there is a jurisdictional requirement for an affirmative showing on the record *ab initio* that the convening authority personally designated the military judge, members and counsel. We find no authority requiring such. The language in *Alef* must be read in the context of its factual setting. In *Alef* the Court dealt with specifications which on their face indicated no jurisdiction over the offenses. Here there is no such indication and the Government affirmatively established jurisdiction on the record when the trial counsel announced the convening of the court and the referral of charges to trial by appropriate authority. Once these jurisdictional averments are set forth on the record, the appellant must come forward with some showing that the court-martial lacks jurisdiction. As the Court of Military Appeals stated in *United States v. Masusock,* 1 U.S. C.M.A. 32, 1 C.M.R. 32 (1951):

> Courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs. *United States*

v. *Pugh,* 99 U.S. 265, 271, 25 L.Ed. 322, 324; *Johnson v. United States,* 225 U.S. 405, 411, 56 L.Ed. 1142, 1144, 32 S.Ct. 748. In the absence of a showing to the contrary, this court must presume that the Army and its officials carry out their administrative affairs in accordance with regulations . . .[4]

We note that the command line has been pierced and the presumption of regularity has been overcome in few instances and only where there has been some showing on the record of irregularity in the creation of the court-martial. Compare *United States v. Ryan,* 5 M.J. 97 (C.M.A.1978); *United States v. Ware,* 5 M.J. 24 (C.M.A.1978); *United States v. Newcomb,* 5 M.J. 4 (C.M.A. 1978); *United States v. Singleton,* 21 U.S.C. M.A. 432, 45 C.M.R. 206 (1972); *United States v. Greenwalt,* 6 U.S.C.M.A. 569, 20 C.M.R. 285 (1955). We decline to reverse where it does not appear on the record that the convening authority failed to perform his duty properly in constituting a court-martial. *United States v. Saunders,* 6 M.J. 731 (1978) (*en banc*).

## II

■■■ In his second assignment of error appellant asserts that the court-martial which tried him lacked jurisdiction because the convening authority failed personally to withdraw appellant's case and re-refer it to another court-martial. He also asserted that such a showing must appear on the record.[5]

For the reasons explained above, we find that the *Ryan* decision is not applicable here.[6] Since there is no showing on the record that the convening authority failed

---

**3.** *United States v. Mixson,* 5 M.J. 236 (C.M.A. 1978).

**4.** *See also United States v. Moschella,* 20 U.S. C.M.A. 543, 43 C.M.R. 383 (1971); *United States v. Haimson,* 5 U.S.C.M.A. 208, 17 C.M.R. 208 (1954).

**5.** Citing *Runkle v. United States,* 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887) and *United States v. Singleton,* 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972).

**6.** In *Ryan,* 5 M.J. 97, we note that the court used the language "consciously cause" when referring to the convening authority's withdrawal of appellant's case. That language is followed by a reference to paragraph 56a, Manual for Courts-Martial, United States, 1969 (Revised edition), which provides "the convening authority may withdraw or cause to be withdrawn any specification or an entire case." Given this context and footnote 8 in *Newcomb* which states that there is "no impediment" to the convening authority's "receiving staff assistance" as he performs his duty, we reason

personally to withdraw appellant's case and re-refer it to another court-martial and since the convening authority's affidavit indicates that he did, we find no merit in appellant's claim.[7]

### III

 Appellant's last assignment of error is that his sentence is inappropriately severe and he specifically asks that the portion of his sentence adjudging a bad-conduct discharge be disapproved.

After careful consideration of paragraph 76a (4), Manual for Courts-Martial, United States, 1969 (Revised edition), appellant's prior record of good conduct and the entire record of trial, we believe the approved sentence is appropriate.

The findings of guilty and the sentence are affirmed.

that the convening authority's role is that of a decision maker and that administrative details may properly be accomplished by staff personnel.

7. The rationale for this holding is contained in the last paragraph of part I of this decision.