UNITED STATES, Appellee,

v.

William R. SCHMIDT, Seaman, U. S. Navy, Appellant.

No. 35,852.
NCM 77–1715.

U. S. Court of Military Appeals.

May 7, 1979.

Appearances: For Appellant—*Lieutenant Lawrence W. Muschamp, JAGC, USN* (argued).

For Appellee—*First Lieutenant Craig L. Kemmerer, USMCR* (argued); *Commander T. C. Watson, Jr., JAGC, USN* (on brief); *Lieutenant Commander N. P. DeCarlo, JAGC, USN.*

Opinion of the Court

PER CURIAM:

We granted reconsideration of an earlier denial of review to determine if the absence of appellant's counsel during a part of the court-martial trial requires corrective action.

An Article 39(a)[1] session was conducted on January 25, 1977, in the presence of the appellant and his military defense counsel. Appellant submitted a request for trial by military judge alone, which after the required inquiry, was approved by the judge.[2] However, the trial did not proceed as scheduled because appellant's counsel requested a continuance. He asserted he was not prepared because he had been informed the day before that appellant's intended civilian counsel would not appear. The military judge granted a continuance until February 17.

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

2. Article 16, UCMJ, 10 U.S.C. § 816; para. 53*d* (2), Manual for Courts-Martial, United States, 1969 (Revised edition).

On the adjourned date, the Article 39(a) session was reconvened. Defense counsel was not present. The military judge told appellant that his defense counsel was not present because his father had died, and he had been granted emergency leave. He advised appellant he could either wait for the return of his counsel or he could obtain substitute counsel. Additionally, as appellant had been placed in pretrial confinement, he also told him that any delay occasioned by the absence of, or change in, counsel would be charged to the defense, in the event it later challenged the timeliness of the trial. Appellant elected to await the return of his defense counsel, although he was made aware that his lawyer might need "another continuance." He then asked: "[A]ll this time I'm spending . . [in] pretrial confinement, do you look towards that when you come to sentencing?" The military judge acknowledged that such matter was usually taken into consideration, but informed appellant that there must be a determination of guilt before sentence could be considered. Thereupon, trial was continued to February 24. On that date military defense counsel appeared. The trial judge alluded to the hearing on February 17, but made no mention of the question by the appellant. Defense counsel requested an additional continuance, which was granted. Appellant was tried on March 3.

█ Appellate defense counsel assert that the failure of the record to indicate expressly that defense counsel was informed of the colloquy of February 17 constitutes reversible error. They contend that appellant's remark as to sentencing constituted, in effect, an admission of guilt, and had trial defense counsel been aware of it, he might have moved to withdraw the request for trial by judge alone. We perceive no merit in the argument.

Initially, we note that the United States Navy Court of Military Review concluded that the appellant's inquiry about sentencing was not a concession of guilt. *United States v. Schmidt*, 4 M.J. 893 (N.C.M.R. 1978). We are inclined to agree with that assessment of the appellant's remark, but even if we accept it for what it is alleged to be, corrective action is not required.

Appellant's counsel correctly note that the decision to allow withdrawal of a request for trial by judge alone rests within the discretion of the judge.[3] Judges who sit as the triers of fact are often exposed to matter that may incriminate the accused, but they discount it as evidence for various reasons and on various grounds. Indeed, any dispute as to the admissibility of prosecution evidence exposes them to matter adverse to the accused; a ruling in favor of the accused does not require that the judge recuse himself. Thus, the generalized remark was not one likely to influence the judge's deliberation on the findings of guilty and not likely to move defense counsel to change the defense decision for trial by judge alone.

█ Assuredly, defense counsel should be present at all of the trial proceedings. Here, however, the Article 39(a) session was conducted for the sole purpose of determining the appellant's desires, in view of the unanticipated and emergency absence of his counsel.[4] The military judge apparently regarded it as better practice "to get . . on the record" the absence of defense counsel, rather than rely on some out-of-court notice to the appellant and a communication from him in regard to that notice. Perhaps it would have been better had the judge arranged for counsel to have a transcript of that hearing, but certainly counsel knew of the hearing. He raised no objection to it at the later hearing on another continuance, and he raised no objection to it

3. *Compare United States v. Wright*, 5 M.J. 106 (C.M.A.1978), *with United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978), *and United States v. Thorpe*, 5 M.J. 186 (C.M.A.1978).

4. *See* paras. 6c, 53d and 61, *Manual, supra; see generally United States v. Lacy*, 446 F.2d 511 (5th Cir. 1971); *United States v. Pierson*, 425 F.2d 732 (5th Cir. 1970); *Stith v. United States*, 124 U.S.App.D.C. 81, 361 F.2d 535 (1966).

after his examination of the authenticated transcript of the trial proceedings and the post-trial review by the staff judge advocate. These circumstances impel us to conclude that trial defense counsel did not believe that the appellant's remarks at the February 17th hearing warranted application to withdraw the request for trial by judge alone.

1. It is, therefore, unnecessary to consider the effect of the statement on the judge's continuing role as a finder of fact under para. 53*d*(2),

The decision of the United States Navy Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I concur that the appellant's inquiry about sentencing was not a concession of guilt,[1] and vote to affirm the decision of the United States Navy Court of Military Review.

Manual for Courts-Martial, United States, 1969 (Revised edition), or his failure on the record to inform counsel of the hearing.