## UNITED STATES

v.

**Airman Ruben PULLIAM, III, FR 402–06–2834 United States Air Force.**

**ACM S25572.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 March 1982.

Decided 20 Aug. 1982.

tions and the citations of authority for them.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Thomas O. Duvall, Jr., USAFR.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert, Lieutenant Colonel Bruce R. Houston and Major Michael J. Hoover.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

PER CURIAM:

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

The accused asserts that the convening authority, in violation of *United States v. Newcomb*, 5 M.J. 4 (C.M.A. 1978), failed to detail the military judge to the court-martial which tried the accused. After considering both the affidavits furnished by counsel and the record itself, we disagree.* We are convinced that the convening authority personally selected the judge who presided.

Here, the sole indication of a *Newcomb* violation appears in the allied papers. The accused never came forward at trial alleging that the court-martial lacked jurisdiction. The record appears regular in every respect. In this situation, we find the language of *United States v. Shearer*, 6 M.J. 737, 739 (A.C.M.R. 1978), apposite:

> Once.... jurisdictional averments are set forth on the record, the appellant must come forward with some showing that

the court-martial lacks jurisdiction. As the Court of Military Appeals stated in *United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951):

> Courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs. *United States v. Pugh*, 99 U.S. 265, 271, 25 L.Ed. 322, 324; *Johnson v. United States*, 225 U.S. 405, 411, 56 L.Ed. 1142, 1144, 32 S.Ct. 748. In the absence of a showing to the contrary, this court must presume that the Army and its officials carry out their administrative affairs in accordance with regulations . . . [footnote omitted].

We note that the command line has been pierced and the presumption of regularity has been overcome in few instances and only where there has been some showing on the record of irregularity in the creation of the court-martial. Compare *United States v. Ryan*, 5 M.J. 97 (C.M.A. 1978); *United States v. Ware*, 5 M.J. 24 (C.M.A. 1978); *United States v. Newcomb*, 5 M.J. 4 (C.M.A. 1978); *United States v. Singleton*, 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972); *United States v. Greenwalt*, 6 U.S.C.M.A. 569, 20 C.M.R. 285 (1955). We decline to reverse where it does not appear on the record that the convening authority failed to perform his duty properly in constituting a court-martial. *United States v. Saunders*, 6 M.J. 731 (1978) (en banc).

See also *United States v. Saxon*, 9 M.J. 948, 952 (N.C.M.R. 1979) and *United States v. Livingston*, 7 M.J. 638, 640 (A.C.M.R. 1979).

Accordingly, the findings of guilty and sentence are

AFFIRMED.

---

* The appellate defense motion for leave to amend assignment of errors is granted. The appellate Government motion to file affidavits is granted.