## UNITED STATES

v.

**Mark H. HOLMES, 192 48 3611, Seaman (E–3), U.S. Naval Reserve.**

**NMCM 83 2989.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 25 Jan. 1983.

Decided 30 Sept. 1983.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LCDR Robert T. Gerken, JAGC, USN, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and MITCHELL and BARR, Judges.

PER CURIAM:

Seaman Holmes petitions this Court to find his court-martial was without jurisdiction because oral modifications to the convening order were not confirmed in writing (citing *United States v. Ware,* 5 M.J. 24 (C.M.A.1978).

The original convening order in this case detailed Judge Byman. The trial counsel announced at trial the existence of one oral modification appointing Judge LaBella and a subsequent oral modification reappointing Judge Byman, the trial military judge. No objection to the oral modification procedure was made at trial. There was no written confirmation of these modifications attached to the record, no mention of a jurisdictional problem by the staff judge advocate in the review, and no critique by trial defense counsel when afforded the opportunity to comment on the staff judge advocate's review. Even though those persons most familiar with the events surrounding this matter made no issue of this matter, the appellant at this late stage seeks relief. There is no claim, however, that the authority modifying the original convening order lacked the power to do so. Appellate defense counsel argues rather, that *Ware* requires written confirmation of all oral modifications. We disagree.

2. Some pretrial agreements provide for suspension of the discharge only if the military judge

so recommends.

*Ware* involved an oral modification made by the convening authority prior to trial. A subsequent written confirming document was executed by the commanding officer of a different command and an appellate affidavit of the convening authority stated that he did not confirm his oral modification in writing but offered no explanation of the presence in an authenticated record of a convening order modification executed by a different officer from a different command. In the face of such overwhelming confusion and inconsistency, the Court of Military Appeals rejected the last affidavit and refused *in that case* to find jurisdiction absent proper written evidence of a valid modification. *Ware* must be construed to apply to those cases in which the evidence reveals a genuine issue regarding the authority of the officer modifying the convening order to do so. When so applied, *Ware* is consistent with holdings in *United States v. Carey,* 23 U.S.C.M.A. 315, 49 C.M.R. 605 (1975) and *United States v. Singleton,* 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972). In *Carey,* the Court of Military Appeals was faced with an oral modification appointing trial counsel, a written modification dated two weeks after trial and not mentioning any prior oral modification and, seven months later, on appeal, a certificate of correction indicating that the oral modification made at trial was made by trial counsel and not the convening authority. A curative affidavit was permitted in *Carey* with the warning that in different circumstances such carelessness might not be tolerated. Earlier in *Singleton,* the Court of Military Appeals faced a unique convening order detailing court members but deferring judge and counsel appointments for a different day. The latter functionaries were then orally appointed. Three days after trial a written modification was executed but it did not mention the prior oral modification. The oral modification statement of trial counsel, furthermore, did not reveal the authority for appointment of judge and counsel and, of course, the written order was not executed until after trial. On these facts the Court of Military Appeals found proof of jurisdiction wanting. *Ware* and its progenitors, therefore, state no general requirement that modifications to convening orders be confirmed in writing. While written orders are preferred, oral modifications are authorized. Paragraph 37c, *Manual for Courts-Martial, 1969 (Rev.); Legal and Legislative Basis, Manual for Courts-Martial, U.S. 1951,* p. 26. There is, however, risk associated with proceeding solely on oral modifications. If evidence arises at any stage of the trial or review processes calling into question the jurisdiction of the court, salvation may not be forthcoming.

The sinking records which appellate counsel in the previously cited cases rushed at the eleventh hour to save were imperiled by manifest lack of authority to modify the convening order and/or the absence of timely modification. These circumstances are not present in this case nor are they claimed to exist. The oral modifications were announced at trial. There are no other facts of record which question the authority of the officer who made the modifications to do so or the timeliness of his modifications. Reliance upon *Ware* is, therefore, misplaced. We do note, however, that in announcing the oral modifications at trial as the military judge accounted for court personnel, the trial counsel, while obviously referring to the convening authority, did not specifically state that such modifications were ordered by the convening authority. There is, arguably, remote chance for concluding that the oral modifications were authorized by the trial counsel rather than the convening authority. Out of an abundance of caution, by order of this Court, a message confirmation of the oral modifications has been obtained and attached to the record of this case. The potential ambiguity is resolved. *United States v. Carey, supra.*

We have examined the record of trial, the assignment of error and the orders and pleadings related thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Ac-

cordingly, the findings and sentence as approved on review below are affirmed.