UNITED STATES

v.

**Claudius M. JONES, II, 218 06 7699, Hospitalman (E–3), U.S. Navy.**

**NMCM 89 3996.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Aug. 1989.

Decided 22 March 1991.

LT Peter J. Wiernicki, JAGC, USNR, Appellate Defense Counsel.

LCDR P. McNeil Jones, JAGC, USN, Appellate Defense Counsel.

LT Kirk A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, FREYER and HOLDER, JJ.

PER CURIAM:

On 22 February 1991, we issued an order in this case the text of which is quoted as follows:

At an Article 39(a) session transcribed in relevant part on page 29 of the record, the following occurred:

MJ: Court will come to order. Lieutenant Stubbs, I understand that the convening order has been amended to relieve one of the members?

TC: Yes, sir, that's correct. Court-martial amending order 1A–89—

MJ: This is an oral modification to 1A–89, so it will be 1B–89 when it is reduced to writing?

TC: That's correct, Your Honor. And that is to relieve Commander Judith F. Morales, Medical Service Corps, U.S. Navy, who is listed on general court-martial convening order 1–89.

MJ: Please see that that amendment is reduced to writing and attached to the record.

TC: Yes, sir.

When our examination of the authenticated record failed to disclose the written confirmation of general court-martial amending order 1B–89, we ordered the Government to produce it. The Government response to our order included the following sentence, which, in the absence of dispute, we accept as factual:

The convening authority has advised that no written confirmation was prepared following preparation of the record of trial.

We, thereupon, specified the following issue:

IN LIGHT OF THE GOVERNMENT'S RESPONSE TO THIS COURT'S ORDER OF 12 OCTOBER 1990, IS CORRECTIVE ACTION REQUIRED BY *UNIT-*

*ED STATES V. PERKINSON,* 16 M.J. 400 (C.M.A.1983)?

Regrettably, appellate counsel for both sides have addressed the specified issue in terms of the provision in Rule for Courts–Martial (R.C.M.) 505(b), Manual for Courts–Martial, United States, 1984, dispensing with the requirement for a written order of *excusal.* This apparent lack of appreciation for the technical distinction between excusal and relief—*see* paragraph 37c, Manual for Courts–Martial, United States, 1969 (MCM, 1969); *see also United States v. Cameron,* 13 C.M.R. 738 (A.F.B.R.1953)—has led to a trivializing of our specified issue.

Even though Commander Morales was relieved as a member of the court-martial which tried the appellant, vice merely having been excused from participation in the appellant's case, there is arguably some perceptible distinction, at least in degree if not in kind, between the failure to confirm an oral detail of a member who actually participates in the outcome of a case, and the failure to confirm an oral relief of a member who takes no part in the case at all. As indicated by *Cameron* and many other cases, participation as a member of a court-martial by a non-member is jurisdictionally fatal, whereas non-participation of a member through excusal or even unauthorized absence does not present a jurisdictional issue, *United States v. Colon,* 6 M.J. 73 (C.M.A.1978)—*see also* paragraph 41d, MCM, 1969—although, if through excusal after assembly (otherwise than for good cause or by challenge) or unauthorized absence, it may be a non-jurisdictional error, *Colon;* R.C.M. 805(b)—*see also* paragraph 41c, MCM, 1969. Moreover, the denial of a petition to review this Court's decision in *United States v. Holmes,* 17 M.J. 611 (N.M.C.M.R.1983), *pet. denied,* 17 M.J. 344 (C.M.A.1984), less than four months after the decision in *Perkinson,* casts grave doubt upon the U.S. Court of Military Appeals' own commitment to the *Perkinson* rule. We should note, however, that in this case, unlike *Holmes* or *Perkinson,* the Government has, to this day, failed to

provide a written confirmation and, notwithstanding R.C.M. 505(b), apparently perceives no need to do so. *Perkinson* holds that such a belated confirmation may not be sufficient, but *Holmes* suggests that it may not be altogether useless.

It is, therefore, by the Court, this 22nd day of February, 1991,

ORDERED:

That the Government procure, and provide to this Court, within fifteen days of the date of this Order, suitably authenticated written confirmation of National Naval Medical Center, Bethesda, Maryland, oral General Court–Martial Amending Order 1B–89.

The government has complied with our order, and written confirmation of the oral amending order has now been made part of the record on appeal.

We find no merit in the original assignment of error [1], but we note that the action of the convening authority illegally orders executed the dishonorable discharge, conditionally orders executed confinement to enforce payment of the adjudged fine, the latter in violation of *United States v. Rascoe*, 31 M.J. 544 (N.M.C.M.R.1990), and incorrectly forwards the record for review in accordance with Article 69(a), Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 869(a). We set aside the order of execution of the dishonorable discharge and confinement in lieu of fine without prejudice to the United States to order either or both of these punishments executed if the legal requirements for doing so have been satisfied. The third error is moot, because the Judge Advocate General has correctly referred the case to this Court for review, and we have reviewed it, in accordance with Article 66, U.C.M.J., 10 U.S.C. § 866.

Subject to the foregoing, on the basis of the discussion in our order of 22 February 1991 and the presence in the record of written confirmation of the oral general court-martial amending order 1B–89, the findings of guilty and the sentence, as approved on review below, are affirmed. We, nevertheless, take this opportunity to discourage the use of oral amending orders except where necessary [2], and to remind trial judges of the importance of checking for written confirmation of any oral amending orders before authenticating records of trial.

---

1. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION TO PROCEED WHEN THE PURPORTED ORAL MODIFICATION TO THE CONVENING ORDER WAS NOT REDUCED TO WRITING AND MADE PART OF THE AUTHENTICATED RECORD. *SEE UNITED STATES V. PERKINSON,* 16 M.J. 400 (C.M.A. 1983).

2. Here, for example, it appears that mere excusal of Commander Morales from participation in this particular case may have been sufficient for the convening authority's purpose as reflected in the text of the written confirmation.