UNITED STATES, Appellee

v

TIMOTHY W. MOSCHELLA, Seaman Apprentice,
U. S. Navy, Appellant

20 USCMA 543, 43 CMR 383

No. 23,624

May 7, 1971

Lieutenant David G. Grimes, Jr., JAGC, USNR, argued the cause for Appellant, Accused.

Lieutenant J. B. Ginty, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Charles J. Keever, USMC, and Commander Michael F. Fasanaro, Jr., JAGC, USN.

## Opinion of the Court

DARDEN, Judge:

After electing trial by a military judge alone, the appellant was convicted, in accordance with his plea, of three unauthorized absences and a breach of restriction. His sentence now consists of a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $50.00 a month during the confinement period, and reduction to the pay grade of E–1. Our review concentrates on the orders convening this special court-martial.

The original convening order bearing the name R. W. Hyde, whom other evidence showed to be a captain in command of the Naval Station, Boston, Massachusetts, detailed opposing counsel, neither of whom had the qualifications prescribed by Article 27(b), Uniform Code of Military Justice, 10 USC § 827. An amending order re-

lieved both officers and appointed qualified legal counsel in their place. On the amending order is typed "J. L. HARRISON By direction." Questions are now raised as to whether (1) the original order was illegal because it detailed nonlegal counsel, and (2) the court-martial order, as modified, was promulgated by a person authorized to convene special courts-martial.

Appellate defense counsel contend (a) that Article 27(c)(1) of the Uniform Code "forbids" the convening of special courts-martial without the assignment of qualified defense counsel unless they are unavailable and (b) that the availability of qualified counsel is presumed in the absence of a written explanation of why qualified counsel are unavailable. The defense counsel therefore conclude that the original convening order was issued in

544

violation of Article 27, supra, since it was unaccompanied by an explanation in writing for the assignment of unqualified counsel. The essence of this argument is that legally qualified counsel becomes an indispensable requisite of jurisdiction. We disagree.

In pertinent part Article 27 provides:

"(c) In the case of a special court-martial—

(1) the accused shall be afforded the opportunity to be represented at the trial by counsel having the qualifications prescribed under 827(b) of this title (article 27(b)) unless counsel having such qualifications cannot be obtained on account of physical conditions or military exigencies. *If counsel having such qualifications cannot be obtained, the court may be convened and the trial held but the convening authority shall make a detailed written statement, to be appended to the record, stating why counsel with such qualifications could not be obtained.*" [Emphasis supplied.]

A special court may proceed without legally trained counsel, but for appellate review the convening authority must append to the record a written statement explaining why he detailed counsel not qualified in law. Where amending orders assign qualified counsel before the trial occurs, as happened here, the requirement for a statement in explanation no longer exists, as nothing needs explanation.

In this regard, committee reports indicate a congressional intent to grant an accused at least a limited right to waive representation by legally qualified counsel. See Military Justice Act 1968, 3 United States Code Congressional and Administrative News 4508 (1968). But if a statement about non-availability of lawyer-counsel is a jurisdictional prerequisite, as appellate defense counsel urge, congressional intent that representation by a lawyer could be waived becomes meaningless, since jurisdictional defects may not be waived. United States v Wheeler, 10 USCMA 646, 28 CMR 212 (1959); paragraph 68*b*(1)(2), Manual for Courts-Martial, United States, 1969 (Revised edition).

Article 19, Uniform Code of Military Justice, 10 USC § 819, inferentially supports the Government's position in this case. This part of the Code establishes punishment limitations for special courts-martial. Included is the qualification that:

". . . A bad-conduct discharge may not be adjudged unless a complete record of the proceedings and testimony has been made, *counsel having the qualifications prescribed under section 827(b) of this title (article 27(b)) was detailed to represent the accused,* and a military judge was detailed to the trial, . . ." [Emphasis supplied.]

The limiting effect of this portion of Article 19 relates not to the creation of a court or to the validity of its existence but only to its authority to adjudge a punitive discharge. Authority of special courts-martial to award other sentences, within the statutory maximum, are unaffected by the limiting provisions in Article 19.

If we adopted the defense argument, we would in effect add to Article 16 of the Code another element in the definition of special courts-martial.

In the absence of any solid basis for the contention that Congress meant to forbid the functioning of a special court-martial to which nonlawyer-counsel were assigned unless an explanation accompanied the convening order, we conclude that the original convening order was legal, despite its designation of nonlawyer-counsel.

Of the modifying order, appellate defense counsel insist that it was promulgated by a person without au-

**545**

thority to convene a special court-martial, that in this case proper authority cannot be inferred, that approval of the conviction by the convening authority does not cure the error, and that the power to convene a court-martial is nondelegable.

Article 1608, 4, United States Navy Regulations (1948), provides that "In official correspondence signed by subordinate officers for a senior, the words . . . 'By direction' . . . shall appear below the signature of the subordinate officer." In essence, use of the term "By direction" is indicative of an action taken by a junior in behalf of his superior officer. In United States v Haimson, 5 USCMA 208, 215, 17 CMR 208 (1954), on a comparable issue the Court declared:

". . . Such representation will necessarily be utilized by a commander for almost every routine order; and to permit piercing the command line would conflict with common military understanding and custom and at the same time establish a disastrous precedent in military law."

See also United States v Marsh, 3 USCMA 48, 11 CMR 48 (1953); United States v Greenwalt, 6 USCMA 569, 20 CMR 285 (1955). In the absence of a contrary indication, the delegation of such authority to sign may be presumed. United States v Moore, 8 USCMA 116, 23 CMR 340 (1957); United States v Johnson, 10 USCMA 630, 28 CMR 196 (1959). Because these precedents are controlling in the instant case, we will not look beyond the presumption that "By direction" meant the same as if the convening authority's name appeared. Even without such precedents, failure of the defense to challenge the regularity of the order at trial constitutes waiver in accordance with paragraph 67b, Manual for Courts-Martial, United States, 1969 (Revised edition). We therefore hold that the convening order, as modified, conferred jurisdiction.

We see no reason to question the authenticity of the original convening order, despite the lack of ▉▉▉ ▉ the normal indication on the copy that Captain Hyde's signature appeared on the original. While the copy in the record is certified a true copy it does not bear the "/s/" that ordinarily is placed on copies to indicate the original was signed. A presumption of regularity nonetheless attaches here. Moreover, at trial, counsel for the Government announced, without challenge, that charges were referred to trial by "Captain R. W. HYDE, United States Navy, Commanding Officer, Naval Station, Boston, Massachusetts the Convening Authority."

Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Senior Judge (dissenting):

I dissent.

I believe that my brothers misapprehend the intent of Congress in its amendment of the Uniform Code of Military Justice. Public Law 90–632, 90th Congress, 2d Session, 82 Stat 1335. The report of the Senate Committee (Number 1601) to accompany H.R. No. 15971, clearly states, in connection with the amendment of Article 27, Code, supra, 10 USC § 827:

". . . The committee believes that an accused should be represented by legal counsel in a court-martial which may result in a sentence as severe as *confinement for 6 months*. It is the intent of the committee that the considerations applicable to the detailing of military judges to certain special courts-martial (set forth above in the analysis of sec. 2(5)) shall apply to the detailing of legally qualified defense counsel to special courts-martial. It is understood that this requirement may create a manpower problem, but the committee believes that with sufficient attention and effort the problem can be overcome and resort to the unavailability ex-

ception can be kept to a minimum." [Emphasis supplied.]

Where such counsel cannot be made available, the convening authority is required to make a detailed written statement to be appended to the record indicating why counsel was not available and setting forth the reasons why the trial had to be held at that time and place notwithstanding the unavailability of qualified defense counsel. In such an event, the special court-martial, as in those cases where a military judge is not available, is not empowered to adjudge a bad-conduct discharge.

In the case at bar, charges against the accused were referred to trial by Captain R. W. Hyde, Commanding Officer, Naval Station, Boston, Massachusetts, before a special court-martial appointed by his convening order, Serial Number 1271, dated October 20, 1969. No special instructions were set forth in the appropriate section of the charge sheet. A review of Serial Number 1271, unsigned, but containing the typed name "R. W. HYDE," reflects that counsel detailed to represent the accused and the Government were *not qualified counsel* in the sense of Article 27 of the Code. The convening order fails to reflect any statement as to the unavailability of qualified counsel. Subsequently, a modification to Serial Number 1271, also unsigned but containing the typed name "J. L. HARRISON" and "By direction" reflects that unqualified counsel were replaced by new counsel, both of whom were lawyers in the sense of Article 27 of the Code. My brothers believe that the original convening order was legal, despite its designation of nonlawyer counsel, and that the amendment to the convening order was properly signed by a subordinate in accordance with Navy Regulations and conferred jurisdiction on the special court-martial to adjudge a bad-conduct discharge. I disagree.

The power to convene a court-martial and refer charges to trial is vested in the convening authority (Articles 22–29, Code, supra, 10 USC §§ 822–829) and may not be delegated. United States v Greenwalt, 6 USCMA 569, 20 CMR 285 (1955); United States v Williams, 6 USCMA 243, 19 CMR 369 (1955); United States v Bunting, 4 USCMA 84, 15 CMR 84 (1954). This power extends to the designation of particular counsel to serve at the court-martial. Article 27, Code, supra. While some official correspondence may be signed by a subordinate "By direction" of the superior (United States v Marsh, 3 USCMA 48, 11 CMR 48 (1953); United States v Haimson, 5 USCMA 208, 17 CMR 208 (1954); United States v Greenwalt, supra), not every action of the superior may be so handled. Article 1608, United States Navy Regulations (1948), provides in part:

"2. Official correspondence which is required by law or regulation to be signed *by an officer in the execution of the duties of his office* shall be signed by him in his own handwriting.

"3. *Other than the above*, official correspondence may be signed for . . . , an officer in command, . . . by subordinate officers when authorized by him to do so." [Emphasis supplied.]

The authority to sign "By direction" is contained in paragraph 4 of the Regulation. Paragraph 6 of the Regulation allows the use of a facsimile signature "Except as required in paragraph 2 above."

It is clear that since only an authorized officer may convene a court-martial and designate its membership, he may not, even under Navy Regulations, delegate the authority to a subordinate to *sign* the order. Paragraph 2, Navy Regulations, supra. Not even a facsimile signature may be used in this connection. The original order in this case, "certified to be a true copy" by trial counsel, contained only the *printed name* "R. W. HYDE."

Of greater significance is the fact that the amendment of the convening order, which conferred upon this court-martial jurisdiction to award

the bad-conduct discharge adjudged in this case, is likewise *unsigned*. It too was "certified to be a true copy" by trial counsel, yet it contained only the printed words "J. L. HARRISON, By direction." My brothers' contention that "failure of the defense to challenge the regularity of the order at trial constitutes waiver in accordance with paragraph 67*b*, Manual for Courts-Martial, United States, 1969 (Revised edition)" is unavailing since, as they also note, "jurisdictional defects may not be waived. United States v Wheeler, 10 USCMA 646, 28 CMR 212 (1959); paragraph 68*b*(1)(2), Manual . . . [supra]."

In light of the stated Congressional intent that every accused be represented at trial by special court-martial by a qualified attorney, with a jurisdictional prohibition against the imposition of a bad-conduct discharge where such counsel is *truly* not available, I am of the opinion that the appointing order should contain the required explanation as to unavailability when a special court-martial order without lawyers is promulgated. Cf. United States v Fleming, 18 USCMA 524, 40 CMR 236 (1969). When qualified attorneys subsequently become available, the order appointing them to the court must be made and *signed personally* by the officer charged with that responsibility. Failure to do so, as in this case, is a jurisdictional defect and renders the proceedings null and void. United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963).

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.