UNITED STATES, Appellee,

v.

**James A. MIXSON, Staff Sergeant, U. S. Army, Appellant.**

No. 35,730.

CM 436138.

U. S. Court of Military Appeals.

July 17, 1978.

Appearances: For appellant—Colonel Edward S. Adamkewicz, Jr., JAGC, USA; Major Benjamin A. Sims, JAGC, USA; Major D. David Hostler, JAGC, USA, and Captain John H. Milne, JAGC, USA.

For appellee—Colonel Thomas H. Davis, JAGC, USA; Lieutenant Colonel R. R. Boller, JAGC, USA; Captain Lee D. Schinasi, JAGC, USA, and Captain Harry J. Gruchala, JAGC, USA.

## OPINION OF THE COURT

PER CURIAM:

The issue raised on reconsideration in this petition is the retroactive effect, if any, of the holding of this Court in *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978). In that opinion this Court ruled that a court-martial was improperly constituted when the military judge and counsel were assigned to that forum by a staff judge advocate acting by delegation and on behalf of the convening authority. *See* Article 26, Uniform Code of Military Justice, 10 U.S.C. § 826. We believe this decision embraced the first clearly articulated interpretation of this statute on the granted issue and constituted a new principle of law for purposes of any retroactivity determination. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 106, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Desist v. United States*, 394 U.S. 244, 247, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *Hanover Shoe Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 496, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

Similar to the decision of the Supreme Court in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), the holding in *United States v. Newcomb, supra*, was couched in terms of jurisdiction. Nevertheless, the basis of this "jurisdictional holding" was the "increasing awareness and recognition" of the statutory right of a service person to have a trial judge and counsel personally detailed to his court-martial by the convening authority. *See Gosa v. Mayden*, 413 U.S. 665, 673–75, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). No question is raised in our decision as to any constitutional impediment to the prosecution of that accused for this particular misconduct at another court-martial. *Robinson v. Neil*, 409 U.S. 505, 509, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); *United States v. United States Coin & Currency*, 401 U.S. 715, 723–24, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

Moreover, our decision did not embrace a change of law which implemented a new procedural rule which overcomes any aspect of the criminal trial that substantially im-

pairs its truth-finding function so as to raise serious questions about the accuracy of guilty verdicts in past courts-martial. *See Hankerson v. North Carolina*, 432 U.S. 233, 243, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

Under these circumstances, we believe the criteria enunciated in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), should be applied to determine the question of retroactivity. *See United States v. Jackson*, 3 M.J. 101, 102 (C.M.A. 1977). We conclude that the decision in *United States v. Newcomb, supra*, should be applied prospectively only, to those cases convened after the date of May 1, 1978.

Accordingly, the petition for reconsideration is granted and the decision of the United States Army Court of Military Review is affirmed.