**UNITED STATES, Appellee,**

v.

**Private (E–2) David S. SAUNDERS, SSN 210–50–2934, United States Army, Appellant.**

**SPCM 13423.**

U. S. Army Court of Military Review.

30 Nov. 1978.

---

Captain Kevin E. O'Brien, JAGC, argued the cause for appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major D. David Hostler, JAGC.

Major Michael B. Kennett, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Lee D. Schinasi, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

This case concerns the application of the rule requiring the convening authority to detail personally the military judge and counsel to each court-martial. The appellant alleges that the convening authority failed to follow the dictates of *United States v. Newcomb*, 5 M.J. 4 (C.M.A. 1978), by not personally detailing the military judge and counsel to his court-martial. Before we can reach the merits of that issue, we must first determine whether the rule of prospective application announced in *United States v. Mixson*, 5 M.J. 236 (C.M.A. 1978), makes *Newcomb* applicable to this case.

The Court of Military Appeals stated in *Mixson* that the decision in *Newcomb* "should be applied prospectively only to those cases convened after the date of May 1, 1978." The problem facing us is to construe the meaning to be given the phrase "cases convened." That term is a hybrid, not defined by the Code, the Manual or case

law and is not of general military legal usage.[1]

The charges in this case were referred to trial on 21 April 1978 by the special court-martial convened by Court-Martial Convening Order Number 82, dated 12 April 1978.[2] A session pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), was held on 8 May 1978. After preliminaries, the case moved into the trial phase. The trial was completed the next day.[3]

Three possible dates are advanced by counsel as the date a case is convened:

1. The date the convening order establishing the court-martial is promulgated (12 April 1978 in this case);

2. The date the case is referred to trial by the convening authority (21 April 1978 in this case); and

3. The date the court is called to order in the first preliminary session by the military judge (8 May 1978 in this case).

Government counsel argues that the first date enumerated above, the date of the convening order, is the date intended because that is the date which reflects the convening authority's personal action in appointing the military judge and counsel. As an alternative, government counsel argues that the date of referral of the charges for trial, another time involving personal action by the convening authority, is the date intended.

The appellant, on the other hand, contends that the case was convened when the military judge called the Article 39(a) session to order on 8 May 1978. That date, he argues, would not only comport with the nontechnical meaning of the word "convene"[4] but also would be consistent with the Court of Military Appeals' practice of applying a general prospective ruling to trials commencing after a particular date.[5]

We agree with appellant's contention. In addition to the common understanding of the word "convene" and the prior practice of the Court of Military Appeals in cases involving prospective rules, the purpose behind the application of the decision in *Newcomb* will be served most logically by an interpretation pointing to the date of the first meeting of the Court. In applying the criteria set out in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Court of Military Appeals by its prospective application sought in *Mixson* to avoid the turmoil that would occur from overturning convictions obtained in good faith reliance on prior procedures. At the same time, the Court wanted convening au-

---

1. Prior to 1969, a court was "convened" at the physical meeting of the court after the parties were sworn. In the Manual for Courts-Martial, United States, 1969 (Revised edition), the term "assembly" now is used to describe the physical meeting (Para. 61*j*) and the term "convene" is used to denote the establishment of a court-martial by an order issued by the convening authority (Paras. 4–6, 36). Accordingly, we customarily speak of courts being convened and cases or charges being referred to trial or tried.

2. Appellant was charged with provoking speeches and gestures, aggravated assault (2 specifications), assault and battery (2 specifications), and absence without leave (2 specifications), in violation of Articles 117, 128, and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 917, 928 and 886 (1976).

3. Appellant was sentenced to a bad-conduct discharge, forfeiture of $265.00 pay per month for four months, confinement at hard labor for four months, and reduction to Private (E–1).

The convening authority approved the sentence.

4. "To come together, meet, or assemble in a group or body." Websters Third New International Dictionary, Unabridged.

5. *United States v. Jordan*, 1 M.J. 334 (C.M.A. 1976): Standard for foreign searches made applicable to trials by court-martial commencing after the date of the opinion.

*United States v. Cannon*, 5 M.J. 198 (C.M.A. 1978): Rule on admissibility of previous convictions by summary court-martial and Article 15, 10 U.S.C. § 815 punishments made applicable to cases tried after *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977).

*United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977): Rule on maximum penalty for drug offenses which could have been charged under either Article 92, 10 U.S.C. § 892 or Article 134, 10 U.S.C. § 934 made applicable to cases tried after date of *United States v. Courtney*, 1 M.J. 438 (C.M.A. 1976).

thorities to follow the correct procedures forthwith. This desire would best be served by making the decision applicable to trials commencing after the date of the *Newcomb* decision. To choose either the date of the convening order or the date of referral to trial would permit a command to postpone compliance with the rule of *Newcomb* even though there was ample opportunity for such compliance.[6]

We hold that the term "cases convened" as used in *Mixson* means the commencement of trial and that the decision in *Newcomb* is to be applied prospectively to trials commencing after 1 May 1978. Trials generally commence, as in the instant case, when the military judge calls the court to order in the initial preliminary session under Article 39(a), UCMJ. Whether there could be a preliminary session so inconsequential as not to amount to commencement of trial for purposes of this rule is a question that must await an appropriate case for resolution. The *Newcomb* decision applies to this case in which the first session was held on 8 May 1978. We turn now to the merits of the issue.

The United States Court of Military Appeals in *Newcomb* held that a convening authority must detail the military judge and counsel to a court-martial personally. The evidence at trial in *Newcomb* affirmatively established that the convening authority had not detailed the military judge or counsel. Counsel had been detailed by the staff judge advocate, and the military judge had been detailed by someone in the judge's office.

In the instant case, there is nothing in the record of trial to indicate that the military judge and counsel were not personally detailed by the convening authority. The appellant's case was referred to the court-martial convened by Order Number 82, dated 12 April 1978. It was signed by an acting assistant Adjutant General under the command line of Major General Brandenburg, the convening authority.

The appellant has submitted two affidavits for this Court's consideration in an effort to go behind the command line and attack the method of appointment of the judge and counsel. One, an affidavit from a former chief defense counsel (later the senior trial counsel) states that to the best of his knowledge and belief from November 1976 to March 1978 the convening authority did not detail counsel or the military judge personally. The other, an affidavit from the chief of military justice states that the convening authority personally detailed the military judge and counsel *in this case*.

Although seemingly conflicting, the affidavits are not irreconcilable. One deals with knowledge of the specific facts of this case. The other deals with knowledge of the procedures followed in general in all cases until the month prior to time in question here. Under these circumstances, we find that the convening authority personally detailed the military judge and counsel.

Even without the affidavit given from personal knowledge of the facts here, the affidavit relating to the selection procedures in general and to a time before this convening order was published is not sufficient to raise the jurisdictional question. As stated in *United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951):

> Courts have long indulged in the legal presumption of regularity in the conduct of government affairs. *United States v. Pugh*, 99 U.S. 265, 271, 25 L.Ed. 322, 324; *Johnson v. United States*, 225 U.S. 405, 411, 32 S.Ct. 748, 56 L.Ed. 1142, 1144. In the absence of a showing to the contrary, this court must presume that the Army and its officials carry out their administrative affairs in accordance with regulations . . .

*See also United States v. Moschella*, 20 U.S. C.M.A. 543, 43 C.M.R. 383 (1971); *United*

---

**6.** Also, selecting the date of the convening order could lead to a situation in which for an *offense* committed *after* 1 May 1978, *Newcomb* could be circumvented by the simple device of referring the charges to a court-martial convened by an order issued *prior* to 1 May 1978. Selecting the referral date would not lead to such an extreme situation, but would nevertheless permit some unnecessary delay in compliance.

*States v. Haimson*, 5 U.S.C.M.A. 208, 17 C.M.R. 208 (1954).

██ The language in *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977), to the effect that the prosecution must affirmatively establish on the record the jurisdiction of the court-martial over the accused and over the offenses is not inconsistent with the legal presumption announced in *Masusock*. The *Alef* language must be read in the context of its factual setting. In *Alef*, the Court was dealing with specifications which on their face indicated no jurisdiction over the offenses because they were alleged as occurring off post. Here, there is no indication of a lack of jurisdiction over either the offenses or the person. The Government affirmatively established on the record the court's jurisdiction when it announced without challenge by the defense the convening of the court and the referral to trial of charges by the appropriate authority. The Government is entitled to rely on the "presumption of regularity in the conduct of government affairs . . . in the absence of a showing to the contrary." *United States v. Masusock, supra*. The appellant has not come forward with evidence to rebut that presumption.

The remaining errors have been considered, but they warrant no discussion or corrective action.

The findings of guilty and the sentence are affirmed.

Chief Judge De FIORI, Senior Judges FULTON and MITCHELL and Judges FELDER, THORNOCK and WATKINS concur.

DeFORD, Judge, joined by Senior Judge CARNE and Judges DRIBBEN, TALIAFERRO and LEWIS, concurring in the result:

Our disagreement with the majority view in this case rests solely on the meaning ascribed in that opinion to the phrase "cases convened" as used by the United States Court of Military Appeals in the decision of *United States v. Mixson*, 5 M.J. 236 (C.M.A. 1978).

As noted in the majority opinion, *Mixson* announced the prospective application of the rule set forth in *United States v. Newcomb*, 5 M.J. 4 (C.M.A. 1978), in which it was established that the failure of a convening authority personally to detail a trial judge to a court-martial rendered that body jurisdictionally defective.

We believe that the majority's view that the words "cases convened" refers to the first meeting of that court for the purpose of an Article 39(a) session is mistaken. It denies the factual background from which the phrase arose, denies the historical application of the word "convene" as used in military jurisprudence, and does not logically support the prospective application of the rule intended by *Mixson, supra*.

The word "case" has been defined to have a variable meaning. In one context, it may describe a single specification and charge; and in another, it may be taken to denominate, in perhaps a collective sense, the entire proceedings against an accused.[1]

In military jurisprudence, the term "convened" has been traditionally associated with creation of a court-martial.[2] In *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), the Supreme Court stated at page 62, 22 S.Ct. at page 791:

A court-martial is a creature of statute, and, as a body or tribunal, it must be *convened* and constituted in entire conformity of the statute, or else it is without jurisdiction. (emphasis added)

It is clear to us that the purpose intended by the Court of Military Appeals in the

---

1. Cf. *United States v. Gann*, 3 U.S.C.M.A. 12, 11 C.M.R. 12 (1953).

2. Articles 22, 23, 24, 26 and 27, Uniform Code of Military Justice, 10 U.S.C. §§ 822, 823, 824, 826, 827. *See also Hiatt v. Brown*, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691 (1950); *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887); *cf. Wright v. United States*, 2 M.J. 9 (C.M.A. 1976); *United States v. Durham*, 15 U.S.C.M.A. 479, 35 C.M.R. 451 (1965); *United States v. Robinson*, 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963). *See also* W. Winthrop, Military Law and Precedents, Ch. VI (2nd Ed. 1920).

*Newcomb* and *Ryan*[3] decisions was to insure that convening authorities were, personally and without delegation, deciding which court personnel will act on which court-martial cases. Indeed, the factual situation in *Ryan* involved successive referrals of *Ryan's* cases to three different arrays of court personnel reflected by three different convening orders. Upon inquiry, it developed that after the convening authority personally determined that a case would be tried by a particular level of court-martial, an administrative officer determined which of two panels would hear the case. Where an accused requested enlisted members, as did Ryan, the administrative officer would select and place on the convening order an appropriate number of names from a pool previously approved by the convening authority. The Court of Military Appeals, in condemning this practice, quoted in *Ryan* from *United States v. Allen*, 5 U.S.C.M.A. 626, 639, 18 C.M.R. 250, 263 (1955): ". . . a convening authority must choose the basic composition of courts-martial assembled under his aegis."[4] Again, they said in *Ryan*:

As court members are, unless properly waived, an indispensable jurisdictional element of a general court-martial, see *United States v. Singleton*, 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972); *Wright v. United States*, 2 M.J. 9 (C.M.A. 1976), if the convening authority cannot delegate the power to appoint a court-martial, then the convening authority cannot delegate the authority to appoint, or detail the court members, for the members, together with the judge *are* the court-martial. (emphasis in original)

Hence the failure of the convening authority to have determined personally the composition of the court in the order under which appellant was tried is error.

.    .    .    .    .

A court-martial is a creature of an order promulgated by an authorized commander (see Articles 22(a), UCMJ; 10 U.S.C. § 822(a)) which convenes, or creates, the court-martial entity. Without such an order, there is no court. If (sic) follows that, if there is a fundamental defect in that order, the very document itself is negated and no court exists.[5]

In *United States v. Newcomb, supra,* the court condemned a purported delegation of authority to detail a trial judge in language as follows:

Proper designation of the military judge is crucial to the composition of the court-martial. *United States v. Singleton*, 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972); *Wright v. United States*, 2 M.J. 9 (C.M.A. 1976). . . . Resultantly, the failure to have a properly detailed trial judge presiding over the court-martial rendered that body jurisdictionally defective. *Wright v. United States, supra; United States v. Singleton, supra.*[6]

This language convinces us that our judicial superiors were addressing the propriety of the manner of creation of the court-martial, not its assembly. But improprieties in such creation are irrelevant to any judicial concern except when a case is referred for trial by such an improperly constituted array. It is, essentially, a wrong without an injury. Accordingly, in our view, the point at which a case is joined to a particular array of court personnel (i. e., a particular court with particular members, judge and trial and defense counsel) is the critical point. From that point on, the convening authority loses much of his control in connection with the case. It is the military judge who dockets the case and calls the sessions of court. Our brothers in the majority have selected a later date—that of the first session called by the judge under the provisions of Article 39(a), Uniform Code of Military Justice.[7] What causes us difficulty in this connection is the fact that, if the detail of the military

---

**3.** *United States v. Ryan*, 5 M.J. 97 (C.M.A. 1978).

**4.** *Id.* at 100.

**5.** *Id.* at 101.

**6.** *Supra* at 7.

**7.** 10 U.S.C. § 839(a).

judge suffers from a *Newcomb* flaw, the judge not only lacks authority to preside at an Article 39 session, but he lacks authority to even schedule one. His authority to act in *any* way with regard to a particular case is dependent upon his proper detail to a proper court to which *that* case is properly referred. Again, then, the critical point is the time of referral.

The issue of whether a new rule of law should be considered retroactive or prospective is a matter of judicial policy. In those cases where retroactivity has been considered and denied, such factors as justifiable reliance on previous precedent which is now overruled, the purpose of the new rule, and the burden on the administration of justice are considered jointly and severally as substantiating the view of partial retroactivity or prospective application.[8]

Our senior appellate Court considered all of the foregoing matters in determining in *Mixson* that *Newcomb* should only be applied prospectively. We do not believe that they intended, as suggested by the majority view, that convening authorities reappoint court-martial members, promulgate new convening orders, re-refer existing cases to reappointed courts, re-serve accused and re-docket those cases referred but for which trial had not begun. Rather, the Court desired an application of the new rule of law to those cases being referred to trial after 1 May 1978. Another reason supports this view. Had our senior Court intended to make the prospectivity of *Newcomb* begin with the commencement of trial, they would have said so as they have done in the past.[9] They specifically chose to use the disputed phrase "cases convened" in order to make their will known rather than "trials commencing after the date of this opinion" or "cases tried or retried after the date of this opinion" or other words of similar impact.

In summary, in *Newcomb-Mixson* we are dealing with a pretrial matter, and our selection of the time of referral, the last necessary act of the convening authority prior to trial and the moment a case is attached to an existing court-martial has the greater support in logic as well as practicality.

Although our approach to this case renders it unnecessary to reach the issue of presumption of regularity, we do not disagree in the majority's exposition of the law on that issue.

Accordingly, we concur in the result.

---

**8.** *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Linkletter v. Walker* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

**9.** *See United States v. Cannon,* 5 M.J. 198 (C.M.A. 1978); *United States v. Jackson,* 3 M.J.

101 (C.M.A. 1977); *United States v. Jordan,* 1 M.J. 334 (C.M.A. 1976). The foregoing cases all dealt with rules of evidence at trial or applicable maximum punishment. As these issues involved matters at trial, their prospectivity was determined to be applicable to cases tried after the date of those opinions.