# UNITED STATES

### v.

**Perry L. PRUITT, 433 06 6880, Private First Class (E–2), U. S. Marine Corps.**

### NCM 78 0802.

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Jan. 1978.

Decided 9 March 1979.

---

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

CEDARBURG, Chief Judge:

A variation on a common theme is presented in this case—noncompliance with the requirements of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) as interpreted by *United States v. Iverson*, 5 M.J. 440 (C.M.A. 1978). *Goode* requires that a copy of the staff judge advocate's review be served upon counsel for the accused with an opportunity to correct, challenge or otherwise comment upon the review within 5 days of its receipt, with such comments, if any, becoming a part of the record on review by the general court-martial authority. *Iverson*, in essence, demands that the attorney on whom the review is served have an attorney-client relationship with the accused. The seemingly simple mandates of *Goode* and *Iverson* suffer two deficiencies: first, they do not take into account the reality of operation of the naval service so that their compliance is either unduly exacting and burdensome or impossible; and, second, they simply are unnecessary to assuring an accused a fair trial. *See United States v. West*, 6 M.J. 871 (N.C.M.R. 8 February 1979).

Defense lawyers of the naval service and their clients are military members assigned around the world on a relatively short-term basis who undergo frequent geographic dislocations in accommodating operational demands oriented toward national security. Defense lawyers, additionally, must meet the demands of diverse clients, frequently separated by wide geographical distances. The facts of the instant case comprise one of the myriad combinations of circumstances affecting the most well-intentioned efforts to satisfy the requirements of *Goode* and *Iverson*. As such, they are illustrative of the extreme difficulty experienced in devising a logical, much less uniform, procedure for compliance with the rules fashioned in these cases.

Appellant's appointed defense counsel received a copy of the staff judge advocate's review, which had been prepared to advise the supervisory authority. The comments submitted by defense counsel generated a return of the record by the supervisory authority to the convening authority for a reconsideration of his action in light of a certificate of correction which had been obtained. By the time the record was returned by the convening authority to the supervisory authority a short time later, defense counsel had been transferred, in due course, from Okinawa to the United States. A supplemental review was prepared and an assistant defense counsel was appointed to receive the supplemental review which was also sent to and actually received by the original defense counsel. The supervisory authority took his action after the passage of more than 5 days fol-

lowing service upon substitute defense counsel. That action was taken well before the decision in *Iverson, supra,* which dictated, for *Goode* purposes, acceptance of substitute counsel by an accused and establishment of an attorney-client relationship. The substitute appointment was faulty under the requirements of *Iverson.* The action also obviously was taken before passage of 5 days following the admitted receipt of a copy of the supplemental review, by the original trial defense counsel, who apparently waived any response. We agree with appellant that these facts give rise to a conclusion that there was noncompliance with *Goode. United States v. Iverson, supra; United States v. Hill,* 3 M.J. 295 (C.M.A.1977). We believe there is no possible prejudice to appellant, however, considering the anachronism of a staff judge advocate's review within the context of a changing structure of military justice and the amenability of the review, in any event, to objective evaluation for legality by appellate courts.

With reluctance, we direct the return of the record of trial to the Judge Advocate General for transmittal to the supervisory authority for compliance with *United States v. Goode.*

Judge FERRELL and Judge ROOT concur.