**UNITED STATES, Appellee,**

v.

**Private First Class Kenneth D. PRICE,
SSN 256–94–9893, United States
Army, Appellant.**

**SPCM 13435.**

U. S. Army Court of Military Review.

19 April 1979.

Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Major Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R.R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Stephen D. Smith, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge:

The appellant contends that the special court-martial before which he pleaded

---

guilty and by which he was convicted was not properly appointed and was without jurisdiction. The basis for his contention is that the prosecution did not affirmatively prove that the convening authority in person detailed the trial judge, court members, and counsel to the court. We withheld disposition to await the decision of our full court on a related issue in *United States v. Saunders,* 6 M.J. 731 (A.C.M.R.1978) (en banc).

■ *Saunders* reaffirms the presumption of regularity arising from the promulgation of court-martial convening orders which recite that the constitution of the court is "by command of" the officer who is the convening authority. *Id.* at 734–35. In the absence of sufficient indication that the orders were incorrect or untrue, no burden of going forward with evidence befalls the Government. *See id.* In this case, there was not a scintilla of evidence that the convening authority did not comply with Articles 25(d)(2), 26(a), and 27(a), Uniform Code of Military Justice, 10 U.S.C. §§ 825(d)(2), 826(a), and 827(a) (1976), with respect to creation of the court. Accordingly, the appellant's contention is without merit.

While awaiting the decision in *Saunders,* we noted that the counsel on whom the staff judge advocate's review had been served pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), was not the counsel who had represented the appellant during his trial.[1] Because of the indication that this might contravene the Court of Military Appeals' decision in *United States v. Iverson,* 5 M.J. 440 (C.M.A.1978), appellate counsel for each side, at our suggestion, set about to ascertain the facts concerning this apparent change in representation. We now have received documents offered to supplement the record, an additional assignment of error by the appellant, and the Government's reply. The supplemental assignment of error seeks a new review and action because the trial defense counsel was not afforded the opportunity of rebuttal to the staff judge advocate's review.

Allied papers accompanying the record of trial include a letter transmitting the staff judge advocate's review to the assistant defense counsel (whom, as indicated in note 1, *supra,* the appellant had excused from the trial) for his comments "due to the unavailability of detailed defense counsel . . . 2 weeks TDY and 30 days leave." The date was 27 May, 19 days after the conclusion of the trial, in which a sentence including confinement for three months had been imposed. The transmittal also included a document pertaining to clemency prepared by the detailed counsel before his departure. It requested reduction of the confinement to a term of "30–45 days" so that the appellant could serve his confinement in Korea where he was stationed and where he would be safe from the reprisals threatened by accomplices against whom he had testified and who were being sent to a correctional facility in the United States. The letter and accompanying review disclosed that the staff judge advocate was recommending suspension of the confinement not already served together with the bad-conduct discharge imposed by the court. The assistant defense counsel's only comment and response to the review was to formally submit the earlier request for clemency and join in seeking suspension of the confinement and discharge.

*United States v. Iverson, supra,* teaches us that "the attorney who does perform the *Goode* task [should] normally be the trial

---

1. He was detailed to the court-martial as assistant defense counsel, but was excused from this trial and took no part therein. His only other apparent connection with the case was that, a month before the trial, he counselled the appellant "concerning his legal rights in connection with his being placed in pretrial confinement." The preprinted form from which the quoted phrase was taken reveals that counsel did not wish to be present when the appellant was interviewed by the magistrate (who was to determine the legality and necessity of his confinement) and advised the appellant to participate in that forthcoming interview without counsel, but advised him to say nothing concerning the offenses charged. *See* U.S. Dep't of Army, Army Regulation 27–10, Legal Services: Military Justice, pars. 2–35*b*, 16–5*f* (26 Nov. 1968, as amended by changes through Change 18, 1 Jan. 1979).

defense counsel" and that, while "the existence of 'good cause' will justify termination of the relationship," unless there is "a truly extraordinary circumstance rendering virtually impossible the continuation of the established relationship, only the accused may terminate the existing affiliation with his trial defense counsel prior to the case reaching the appellate level." 5 M.J. at 442–43 (footnotes omitted).[2]

In this case, we must first reach the possibility that performance of the *Goode* function by the assistant defense counsel might not, in view of his relationship with the appellant, necessarily have been a substitution of counsel. Examination of the facts, however, discloses that there was a substitution. Assuming that the early counselling about pretrial confinement involved an attorney-client relationship between the appellant and the assistant defense counsel (we have been offered neither evidence nor argument on this point), we believe that relationship had ended. The information available to us indicates that the assistant defense counsel had been detailed to this court-martial (and two other courts) before being certified so that he could gain the requisite experience for certification by assisting certified defense counsel, but that, after being certified (which was the month preceding his evidently brief encounter with the appellant), he no longer participated in cases as assistant counsel. We are informed that, not only was he excused from the trial as the record shows, but he exercised no role with respect to the case or the record and there was no prior arrangement for him to examine the staff judge advocate's review in lieu of the trial defense counsel.[3] Accordingly, we hold that the supposed assistant defense counsel was not already counsel for the accused when the review was served upon him in an attempt to comply with *United States v. Goode, supra. Cf. United States v. Ray*, 6 M.J. 60 (C.M.A.1978) (summary disposition).

■ Absent any indication in the supplemented record that the erstwhile assistant defense counsel ever contacted the appellant, he failed to enter into or renew an attorney-client relationship with the appellant. *United States v. Brown*, 5 M.J. 454, 455 n.2 (C.M.A.1978); *cf. United States v. Jones*, 4 M.J. 545, 547 (A.C.M.R.1977). Therefore, he improperly purported to represent the appellant and we need not decide whether the trial defense counsel actually was unavailable under the facts of this case. *United States v. Brown*, 5 M.J. at 455 n.3;

2. Evidently, reaching the appellate level does not effectively terminate the affiliation. *See United States v. Campbell*, 6 M.J. 51 (C.M.A. 1978) (summary disposition); *United States v. Curtis*, 6 M.J. 48 (C.M.A.1978) (summary disposition). Those cases were remanded for new reviews and action for reasons *other than* noncompliance with *Goode*, yet a new attorney-client relationship could not replace the former one if the trial defense counsel was still available. In other words, the interference with an existing attorney-client relationship came after appellate review and not before. *See also United States v. Johnson*, 6 M.J. 762 (A.C.M.R. 1978).

3. Such events as leave, temporary duty, and release from active duty seldom come as a surprise to those involved or their supervisors. We think that foresight can be applied to resolve any problem concerning the prospective post-trial absence of counsel. *See United States v. Jones*, 4 M.J. 545, 546 n.1 (A.C.M.R. 1977). Until the Court of Military Appeals clarifies what seems to be a conflict among its opinions concerning an accused's consent to the appointment of new counsel, it seems best that the trial defense counsel be involved in any advance arrangements that are made. *Compare United States v. Curtis*, 6 M.J. 48, 50 (C.M.A.1978) (summary disposition) (Cook, J., dissenting), *with United States v. Iverson*, 5 M.J. 440, 443 (C.M.A.1978) (Perry, J., discussing implied consent to counsel) *and id.* at 444 (Fletcher, C. J., concurring). *See also United States v. Torrey*, 6 M.J. 120 (C.M.A.1978) (summary disposition), and *United States v. Wallace*, 6 M.J. 58 (C.M.A.1978) (summary disposition), *rev'g*, 2 M.J. 1087 (A.C.M.R.1976), in both of which substitute counsel could not communicate with an appellant, apparently through the latter's fault. New reviews and actions were ordered. The brief majority opinion in each case comments only on the impropriety of substituting counsel when the trial defense counsel remained available. *Quaere*, does this indicate that an improper substitution could not have been consented to even if appellant had been located?

*accord, United States v. Kindlon,* 6 M.J. 52 (C.M.A.1978) (summary disposition).[4]

The Government suggests that the appellant has not been prejudiced by the failure of trial defense counsel to examine the staff judge advocate's review in view of the simplicity of this negotiated guilty plea case, the brevity of the record, the approved recommendation for clemency, and the apparent absence of any errors in the review. It is argued that the appellant benefitted more from the early action than he would have benefitted by having the review mailed to his counsel or by awaiting counsel's return. Owing to those same circumstances, plus the fact that the suspended discharge and confinement presumably have automatically been remitted by now (a forfeiture of $200.00 monthly for three months remains viable), the Government also contends that "a new review and action would constitute a meaningless ritual" and "would constitute nothing more than form over substance." Reply to the Supplemental Assignment of Error 5.

However much we might be inclined to agree that no further relief at the convening authority level is to be reasonably expected, it is abundantly evident that prejudice versus harmlessness and a balancing concerning the potential advantages to be gained from another review and action at the convening authority level are not the tests currently being applied by the Court of Military Appeals. *See United States v. Iverson,* 5 M.J. at 444; *see also United States v. West,* 6 M.J. 871 (N.C.M.R.1979); *United States v. Johnson,* 6 M.J. 762 (A.C. M.R.1978); *cf. United States v. Jones,* 4 M.J. 545, 547–48 (A.C.M.R.1977); *United States v. Willis,* 2 M.J. 937 (A.C.M.R.1976). Unless we wish to relieve the appellant of

the effects of conviction altogether, which we do not, we must accordingly remand the record for a new review and action.

The action of the convening authority, dated 31 May 1978, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.[5]

Judge TALIAFERRO and Judge WATKINS, concur.

---

4. Also for the reason that no attorney-client relationship was formed we need not rule on the Government's argument that the supposed need for an expeditious action in the appellant's case warranted not awaiting trial defense counsel's return or mailing the record and review to him. Moreover, the exigency is not sufficiently revealed. It seems to be assumed that the trial defense counsel was absent from Korea, but there is no evidence on the point. In any event, if confinement placed appellant in a position of danger, he could have been released at any time.

5. If the record is referred to the same convening authority, we do not regard a new review as absolutely necessary. *United States v. Jones,* 4 M.J. 545, 548 (A.C.M.R.1977). In any event, a determination as to the availability of the trial defense counsel must be made as specified in *United States v. Brown,* 5 M.J. 454, 455 (C.M.A.1978).