**UNITED STATES**

v.

**Technical Sergeant Robert G. MORRIS, FV 495–48–9590, United States Air Force.**

**ACM 24232.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Oct. 1983.

Decided 23 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

FORAY, Senior Judge:

The accused was convicted by a general court-martial, consisting of a military judge sitting alone, of unlawfully carrying a concealed weapon. He was found not guilty of the offenses of assault consummated by a battery and assault with a dangerous weapon. The sentence extends to a bad conduct discharge, confinement at hard labor for one month, and reduction to the grade of sergeant.

The Charges and Specifications upon which the accused was tried show he was a member of a unit belonging to the United States Air Force Reserve and was "presently attached to Headquarters, 60th Air Base Group." After arraignment, the accused's status as a reservist caused the military judge to make the following inquiry of the accused's counsel:

Defense, is there any motion with respect—or any objection, or motion with regard to jurisdiction, either over the offenses or over Sergeant Morris? I note that there—apparently he is in a reserve unit. Any objection as to jurisdiction, either over the person or over the offenses?

To which counsel replied "No objections, your Honor." Later on in the trial when data from the first page of the charge sheet was being considered by the military judge, defense counsel represented that the accused "now has active duty in the Reserves. His active duty was due to expire on 10 October '83." The military judge

then inquired whether the accused had been on extended active duty for at least one year.[1] Defense counsel stated that was correct.

Initially, appellate defense counsel claimed on appeal that the record of trial failed to show *"in personam"* jurisdiction over the accused. The substance of the claim was that there is no evidence in the record of trial "either documentary or sworn testimonial evidence" showing the accused was amenable to court-martial jurisdiction. By Motion To Supplement Brief,[2] appellate defense counsel now claim that the "record of trial" before this Court contains an order bringing the accused on active duty for a stated number of days, and thus, it appears *"in personam"* jurisdiction has been established in this case. In spite of this latest assertion we find a discussion of the jurisdictional aspect of this case appropriate.

Appended to the record of trial as required by M.C.M., 1969 (Rev.), paragraph 82*b*(5), is the U.C.M.J., Article 32 report of investigation into the preferred charges. Included within the report is an order[3] promulgated by the accused's superior on 22 October 1982, ordering the accused to active duty for a period of 405 days, beginning 21 October 1982[4] and terminating 29 November 1983. Attached to that order is another order[5] which amends the original order by terminating the accused's active duty commitment period effective 10 October 1983, thus, changing the duration thereof to 356 days. The authority for ordering the accused to active duty was set forth in the original order as "AFR 35–41, VOL II, CH 6."[6] Neither of these orders was introduced into evidence at trial.

It is firmly established that a court-martial proceeding which lacks jurisdiction over the accused is a nullity and that defect may not be waived. Thus, trial defense counsel's failure to raise the jurisdictional issue at trial and appellate defense counsel's concession of jurisdiction over the accused may not be dispositive of the issue before us. *United States v. Moschella,* 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971); *United States v. Wheeler,* 10 U.S.C.M.A. 646, 28 C.M.R. 212 (1959); M.C.M., paragraphs 68*b* and 215*a*. *See* U.C.M.J., Articles 2 and 18; M.C.M., paragraph 9.

Persons who are subject to the jurisdiction of the Uniform Code of Military Justice are set forth in Article 2 thereof. Pertinent to our discussion is Article 2(a)(1), U.C.M.J., which states, in part, that the following persons are subject to court-martial jurisdiction:

> Members of a regular component of the armed forces, . . .; and other persons lawfully called or ordered into, or to duty in or for training in, the armed forces, from the date when they are required by the terms of the call or order to obey it.

Accordingly, the orders which show the accused was ordered into active duty with the Air Force for a period of 356 days from 21 October 1981 to 10 October 1983 convince us that the accused was amenable to trial by court-martial during that term for the offenses he was alleged to have committed therein.

Even though the orders which placed the accused on active duty-making him subject to court-martial jurisdiction—were not part of the record of trial but

---

1. The offenses upon which the accused was arraigned were alleged to have been committed on 15 May 1983. Trial thereon was held on 5 and 6 October 1983.

2. Motion granted.

3. AF Form 938, Request And Authorization For Active Duty Training/Active Duty Tour.

4. The remarks section of the order indicates exigencies precluded publication of the order in advance.

5. AF Form 973, Request And Authorization For Change of Administrative Orders.

6. Air Force Regulation 35–41, Volume II, Reserve Training, (30 January 1981). Chapter 6 of Volume II authorizes school and special tours of *active duty* for training (ADT) and *active duty* support (ADS). (Emphasis supplied).

were appendages thereto, we may still validly consider them on the question of jurisdiction. *See* U.C.M.J., Article 54, M.C.M., paragraph 82*b*(5). Facts outside the record of trial may be considered, at least to the extent that they support or counter the claim that a court-martial conviction was a nullity for lack of jurisdiction over the person. *United States v. Roberts*, 7 U.S.C. M.A. 322, 22 C.M.R. 112 (1956); *United States v. Goudge*, 39 C.M.R. 324 (A.B.R. 1968).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

SNYDER and O'HAIR, Judges, concur.