# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ERIC C. FUNK**
**United States Army, Appellant**

ARMY 20110191

Headquarters, Fort Drum
Andrew Glass, Military Judge
Major Joseph A. Fedorko, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert L. Manley, III, Staff Judge Advocate (recommendation)
Major Scott E. Hutmacher, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Stephen E. Latino, JA; Captain Bradley M. Endicott, JA (on brief).

15 January 2013

---------------------------------------
SUMMARY DISPOSITION
---------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave and wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for four months. Pursuant to a pretrial agreement, the convening authority approved a bad-conduct discharge and confinement for three months. Appellant was credited with seven days confinement credit against his sentence to confinement. Appellant's case is now before this court for review pursuant to Article 66, UCMJ.

This case concerns the authority of a commander to refer a case to a court-martial convened by another commander. Appellant's sole assignment of error

alleges that his case was improperly referred because the convening authority referred this case to a court-martial convened for a separate unit. However, we find that the court-martial was in fact convened by a predecessor in command of the convening authority's unit and therefore appellant's claim lacks merit.

**BACKGROUND**

On 16 September 2010, Major General (MG) Terry issued Court-Martial Convening Order Number (CMCO#) 7, Headquarters, 10th Mountain Division (Light Infantry) and Fort Drum, New York (as corrected). At the time, MG Terry was the commander of two distinct units, the 10th Mountain Division (Light Infantry) and the Fort Drum installation. On 22 September 2010, Brigadier General (BG) Miller succeeded MG Terry as the commander of Fort Drum but not as the commander of the 10th Mountain Division (Light Infantry).

On 24 February 2011, BG Miller referred appellant's case to CMCO #7, and on 10 March 2011, appellant was tried before a military judge alone. Trial counsel noted the court was "convened by Court-Martial Convening Order Number 7, as correct [sic], Headquarters, Fort Drum, New York, dated 16 September 2010, copies of which have been furnished to the military judge, counsel, and the accused, and which will be inserted . . . in the record." At no point during the proceedings or during the post-trial processing of his case did appellant complain about the constitution, composition, or jurisdiction of his court-martial, raising his jurisdictional challenge for the first time on appeal.

As for CMCO #7 itself, the letterhead states, in part, "Headquarters, 10th Mountain Division (Light Infantry) *and* Fort Drum" (emphasis added). The order identifies, by rank, name, and unit of assignment, a ten member officer panel and a ten member enlisted panel, the latter composed of five officer members and five enlisted members. Of the fifteen[1] named members, four were assigned to units belonging to the Fort Drum installation—two were assigned to the United States Army Garrison (USAG), one to the Medical Department Activity Command (MEDDAC), and one to the Dental Activity (DENTAC). Immediately following the names of the officer and enlisted members, the order contains the following courts-martial transfer language:

> Effective date of this order is 1 October 2010. As of that date, all cases referred to special court-martial convened by Court-Martial Convening Order Number 2 (as corrected), Headquarters, Fort Drum, dated 17 February 2010, in which the court has not yet

---

[1] CMCO #7 names fifteen as opposed to twenty individuals because five of the officers detailed as members for the officer panel are also detailed to the enlisted panel.

assembled, will be brought to trial before the special court-martial panel hereby convened.

## LAW AND DISCUSSION

First, we note that both MG Terry and BG Miller possessed the authority to convene general and special courts-martial. At the time MG Terry issued CMCO #7, he possessed the authority to convene courts-martial not only in his capacity as commander of the 10th Mountain Division (Light Infantry), but also in his capacity as the commander of Fort Drum. UCMJ art. 22(a)(5), (8); UCMJ art. 23(a)(1), (2); Headquarters, Dep't of the Army, Gen. Order No. 7 (12 Aug. 2004). As for BG Miller, when he assumed command of Fort Drum, he possessed the concomitant authority to convene general and special courts-martial.

Nevertheless, appellant contends that BG Miller lacked authority to refer appellant's case to CMCO #7 because MG Terry issued CMCO #7 in his capacity solely as the commander of the 10th Mountain Division (Light Infantry), whereas BG Miller only assumed command of Fort Drum. Appellant argues that the letterhead of CMCO #7, coupled with its failure to designate CMCO #7 as one published pursuant to secretarial authority, proves that MG Terry was acting solely pursuant to his authority as the division commander. However, CMCO #7's letterhead, which lists both 10th Mountain Division (Light Infantry) and Fort Drum, does not lend support to appellant's position. Major General Terry's dual authorities to convene courts-martial, both as the commander of a division and as the commander of a fort, were separate and distinct. In other words, there is no joint authority to convene general or special courts-martial as a commander of the "10th Mountain Division (Light Infantry) and Fort Drum." *United States v. Greenlee*, ARMY 20100115, 2011 WL 2638744, at *1–2 (Army Ct. Crim. App. 30 June 2011) (summ. disp.). Thus, the question remains as to whether CMCO #7 was issued pursuant to MG Terry's authority as the division commander, as may be indicated by its failure to indicate a secretarial designation, or pursuant to MG Terry's authority as the Fort Drum commander.

Ultimately, we conclude that CMCO #7 was issued pursuant to MG Terry's authority as the Fort Drum commander. Although, appellant is correct that the Rules for Courts-Martial [hereinafter R.C.M.] require a convening order to state whether it is issued pursuant to a secretarial designation, R.C.M. 504(d)(1), any such failure is not a jurisdictional defect. *United States v. Allgood*, 41 M.J. 492, 495 (C.A.A.F. 1995); *Greenlee*, 2011 WL 2638744, at *1–2. Furthermore, we are convinced by other components of the order itself, that CMCO #7 is in fact a Fort Drum convening order. First, CMCO #7 details both divisional and non-divisional personnel to the court. Specifically, it details two USAG members, one MEDDAC member, and one DENTAC member, all of whom were assigned to Fort Drum and over whom 10th Mountain Division (Light Infantry) possessed no authority. Additionally, the order

transfers previously referred Fort Drum special courts-martial to the court convened in the newly published order. If CMCO #7 was a divisional order, as appellant argues, this language would be a nullity.[2] Therefore, we conclude that CMCO #7 is a convening order for the Fort Drum installation.

As MG Terry's successor in command of Fort Drum, BG Miller possessed the authority to refer charges to a court-martial convened by CMCO #7. R.C.M. 601(b); *Allgood*, 41 M.J. at 495; *United States v. Ghilchrist*, 61 M.J. 785, 788 (Army Ct. Crim. App. 2005). However, a successor in command must still personally select the members detailed to the court or adopt those selected by a predecessor in command. UCMJ art. 25(d)(2); *Allgood*, 41 M.J. at 496. "Absent evidence to the contrary, adoption can be presumed from the convening authority's action in sending the charges to a court-martial whose members were selected by a predecessor in command." *Gilchrist*, 61 M.J. at 788. *See also United States v. Moschella*, 43 C.M.R. 383, 386 (C.M.A. 1971) (presumption of regularity applied to convening order where the government announced at trial, without challenge, the name of the commander and command); *United States v. Griffin*, 32 C.M.R. 213, 214 (C.M.A. 1962) (court refuses to find jurisdiction lacking absent evidence contradicting the presumption of regularity). In appellant's case, the pretrial advice specifically referenced referral to "trial by Court-Martial Convening Order Number 7, as corrected, dated 16 September 2010," and BG Miller's referral memorandum referred appellant's case to trial by CMCO #7. Accordingly, we presume that BG Miller adopted the panel selected by MG Terry when he referred appellant's case to a court-martial convened by CMCO #7.

## CONCLUSION

On consideration of the entire record, we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Charges referred to a court-martial convened by one General Court-Martial Convening Authority (GCMCA) cannot be transferred to a court-martial convened by a separate and distinct GCMCA, unless the charges are first withdrawn, or the trial is complete and action is impracticable. *See* R.C.M. 601(f), 604, 1107(a).